**MIDLAND–GUARDIAN COMPANY and Midland-Guardian Company of Indiana, Inc., Appellants (Defendants Below),**

v.

**UNITED CONSUMERS CLUB, INC., Appellee (Plaintiff Below).**

No. 3–1185A301.

Court of Appeals of Indiana, Third District.

Jan. 28, 1987.

John W. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, Clyde D. Compton, Hodges, Davis, Gruenberg,

Compton & Sayers, P.C., Merrillville, for appellants.

Jeffery J. Dywan, Chudom & Meyer, Schererville, for appellee.

HOFFMAN, Judge.

Appellants Midland-Guardian Company and Midland-Guardian Company of Indiana, Inc. (Midland) petition for rehearing. The facts and history of this case are discussed in *Midland-Guardian Co. v. United Consumers Club* (1986), Ind.App., 499 N.E.2d 792. The issues Midland raises in its lengthy petition for rehearing have already been fully addressed in our original opinion; however, in its supplemental petition for rehearing Midland claims that our decision in this case conflicts with another recent decision of the Court of Appeals. Analysis reveals the ephemeral nature of this supposed conflict, but a brief discussion will help solidify the essential harmony of the two cases.

In *Kopis v. Savage* (1986), Ind.App., 498 N.E.2d 1266, the appellant, Kopis, received a $40,000.00 deposit towards the purchase of certain property. Kopis comingled the deposit with other unrelated accounts and refused to refund the money when the sale fell through. In reversing the trial court's finding that Kopis committed criminal conversion the Court of Appeals, Fourth District, held that the comingled funds had ceased to be a separate, specifically identifiable chattel and that Savage no longer had a property interest in the specific funds deposited. Thus the refusal to return the $40,000.00 was a failure to pay a debt, which will generally not support a finding of conversion.

The holding in *Kopis, supra,* is completely consistent with the original holding in this case. Midland attempts to create a conflict by characterizing its refusal to return the holdback reserve accounts as a failure to pay a debt; however, Midland fails to note the fundamental differences that distinguish *Kopis* from its own situation.

Midland and UCC were engaged in an ongoing business relationship in which Midland purchased installment contracts from UCC. Midland paid an agreed upon price for the contracts, but retained a set percentage of the purchase price for use as a contingency fund. The contingency fund, the holdback reserve account, belonged to UCC, subject only to Midland's right to charge back uncollectible contracts according to a pre-arranged formula.

These specific funds were, in effect, entrusted to Midland to be separately held and accounted for. The holdback reserve agreements did not create an obligation to repay a debt, instead they placed Midland in a position of responsibility to return the remainder of these separately identified accounts at the appropriate time. It is the breach of this trust, by knowingly exercising unauthorized control over UCC's property, that led to Midland's being found liable for criminal conversion. The petition for rehearing is therefore denied.

Rehearing denied.

GARRARD, P.J., and STATON, J., concur.