**AGRISTOR LEASING, Plaintiff,**

v.

**Marvin D. McINTYRE, Robert N. Wiley, McIntyre & Wiley Auction & Sale Management Service and Better Bilt Storage, Inc., Defendant.**

**No. IP 91–274 C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

March 31, 1993.

Joseph Murphy, Klineman Rose Wolf & Wallack, Indianapolis, IN, for plaintiff.

Brian M. House, Kightlinger & Gray, Indianapolis, IN, Kent A. Frandsen, Parr Richey Obremskey & Morton, Lebanon, IN, for defendant.

## ENTRY

BARKER, District Judge.

Defendant, Better Bilt Storage, Inc. ("Better Bilt") has filed for sanctions under Rule 11, F.R.C.P., against the Plaintiff, Agristor Leasing ("Agristor"). Better Bilt succeeded on its motion for summary judgment obtaining a dismissal of the action against it and a judgment in its favor, on the grounds that the claims did not and could not satisfy the jurisdictional amount requirements, thus depriving this court of subject matter jurisdiction. 793 F.Supp. 187.

The Court in this entry will neither recite again the facts that underlie this lawsuit nor the legal basis for its earlier ruling, nor will it repeat the well-established, well-known general principles of law regarding the imposition of Rule 11 sanctions. There is no apparent dispute between the parties as to any of those matters, only as to whether Rule 11 sanctions ought to be applied under the facts and circumstances in this case.

This much of the background does warrant retelling: this was a diversity action in which Agristor sought to recover against Better Bilt for the latter's alleged conversion of farm equipment which occurred when at an auction it bought equipment on which Agristor held a security interest. The amount of Agristor's security interest was $36,000. Better Bilt had bought the equipment for a total of $23,000 and thereafter sold it to a third party. Upon completion of the purchase, the $23,000 paid by Better Bilt to the seller and auctioneer apparently was not applied to satisfy Agristor's security interest. The amount of plaintiff's actual loss, therefore, was approximately $36,000.[1], an amount obviously below the jurisdictional limitation of $50,000. required by 28 U.S.C. § 1332.

Plaintiff's apparent "hook" for getting into federal court was its claimed entitlement to treble damages under Indiana's criminal conversion statutes, IC 34–4–30–1 and IC 35–43–4–3. In order to recover such punitive damages, Agristor would have had to establish that Better Bilt committed criminal conver-sion by knowingly and intentionally exerting unauthorized control over Agristor's property. Better Bilt maintains that Agristor's decision to bring this action on that basis was frivolous, in Rule 11 terms, in that there never was any evidence of criminal conduct by Better Bilt and that Agristor would have conclusively established that fact had it not failed to conduct a reasonable pre-suit inquiry into the surrounding facts and the applicable law.

Plaintiff could have framed its claim against Better Bilt simply in terms of its entitlement to recover its money in accordance with its perfected security interest in the then-long-gone equipment. But that claim obviously would have had a value of less than $50,000. Instead, for what appear to be equally obvious reasons, Agristor's counsel chose to characterize Better Bilt's conduct as criminal so to have a claim whose value exceeded $50,000. As the Court ruled in entering summary judgment in Better Bilt's favor, the essential elements of the statute which proscribes criminal-conversion include proof of an exertion of "unauthorized control over [the plaintiff's] property" and an awareness by the defendant "of a high probability that this control was unauthorized." *Midland–Guardian Co. v. United Consumers Club, Inc.*, 499 N.E.2d 792, 797–798 (Ind. Ct.App.1986), *reh. denied*, 502 N.E.2d 1354 (Ind.Ct.App.1987); *see also Moser v. State*, 433 N.E.2d 68, 70 (Ind.Ct.App.1982) ("the control of the property must be exercised with an awareness of the high probability that such control is unauthorized.")

When Agristor ratcheted up the severity of its claims against Better Bilt by characterizing Better Bilt's actions as criminal, it exposed itself to different, and arguably more difficult proof requirements and to different, and arguably more demanding Rule 11 standards. That shift in theories is critical because the reasonableness of Plaintiff's pre-filing inquiry under Rule 11 must be measured against the nature of the claims it has asserted.

---

1. Plaintiff alleged in its complaint as damages "three (3) times Agristor's estimated actual dam- ages of $33,000. (i.e., $99,000.) ...".

Agristor's counsel has conceded that he made no pre-filing search or inquiry for evidence to support the claim of criminal conversion. He explains and attempts to excuse this failure on the basis that evidence of criminal intent—the knowingness and the intentionality of the wrongdoer—is never available because it involves mental activity; at the earliest, it would come only from extensive post-filing discovery. Further, he argues, because that information concerning mental states is uniquely within the control of the opposing party, he is relieved of the obligation to obtain it prior to filing suit on that basis. The clear directives of case law in our circuit, however, do not support plaintiff's contention:

> The principal function of the 1983 amendment to Rule 11 was to add the requirement of adequate investigation before filing a complaint. It is not permissible to file suit and use discovery as the sole means of finding out whether you have a case. Discovery fills in the details, but you must have the outline of a claim at the beginning.

*Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th Cir.1987).

While the court concedes that evidence of the mental elements necessary to support a claim of criminal-type conduct is generally illusive, that is not to say it is non-existent. Parties routinely must rely on evidence of surrounding circumstances to establish the mental elements when criminal intent is relevant. This court, for instance, routinely instructs juries to consider such indirect and circumstantial evidence in deciding whether there has been sufficient proof of "knowing" and "intentional" behavior.

■ So it is that a plaintiff must have specific, identifiable evidence of some surrounding facts or circumstances to support a claim for criminal conversion in order to satisfy the Rule 11 requirements. "Rule 11 *requires* lawyers to think first and file later, on pain of personal liability." *Stewart v. RCA Corp.*, 790 F.2d 624, 633 (7th Cir.1986) (emphasis in original). It is insufficient under the standards of Rule 11 simply to stake out a position and rely on the results of a post-filing discovery as a form of fishing expedition. Because some objective evidence of some surrounding or attendant circumstances from which criminal intent can be inferred will eventually be required to satisfy the ultimate burden of proof, it follows that such evidence should be searched for and required before filing the lawsuit. Whether or not it is available is what informs a plaintiff's decision regarding the precise claim to assert in its complaint.

■ Whether plaintiff in this case should have asserted a criminal conversion claim in the first instance or have brought the less demanding (in an evidentiary sense) civil conversion claim with the hope of later amending the claim into a criminal conversion count, if subsequent discovery permitted, should have been determined on the basis of what plaintiff's lawyer knew when he filed the action. Plaintiff's counsel was obligated to make a reasonable inquiry before filing this lawsuit in order to determine the precise nature of its claim against Better Bilt.

It appears obvious to this judge that the criminal conversion claim, with its treble damage entitlement, as framed by Agristor's counsel, amounted to little more than a pleading contrivance by which plaintiff sought to come into federal court and stay here until the court ruled otherwise. That approach presents two problems: the first, it ignores Rule 11's clear mandate that counsel establish preliminarily plaintiff's claim and its resultant entitlement to be in this forum by making reasonable inquiry and by certifying that counsel has proceeded on the basis of his reasonable and informed judgment; the second, it unfairly imposes on the defendant the inordinate inconvenience and expense attendant to obtaining a dismissal of the action, impositions which Rule 11 is expressly and explicitly written to prevent.

Because plaintiff's Rule 11 infraction in this case relates to its wrongful assertion of federal jurisdiction and not necessarily to the underlying merits of its claim, which the court never reached, the appropriate sanction is an award against plaintiff's counsel in favor of Better Bilt in an amount equal to the attorneys fees and costs which Better Bilt incurred in moving for and securing sum-

mary judgment and in obtaining these Rule 11 sanctions.

Accordingly, counsel for Better Bilt is directed to submit to the court and to opposing counsel within fifteen (15) days from the date of this entry an amended computation reflecting the expenses relating only to the attorneys fees and costs incurred in connection with the summary judgment motion and Rule 11 sanctions request which it filed in this court. Counsel for Agristor is ordered to pay the claimed amount within the following thirty (30) day period, unless Agristor files objections with the court contesting the computation within five (5) days following the filing of the amended computation by Better Bilt's counsel.

It is so ORDERED.