RAUH ET AL. v. STEVENS ET AL.

[No. 2,758.    Filed February 24, 1899.]

CONVERSION.—*Complaint.*—*Contract.*—*Exhibit.*—A complaint, which avers that plaintiffs entrusted certain personal property to defendants for sale under a written contract, by the terms of which the proceeds of sale were to belong to plaintiffs, and that defendants sold the property and converted the proceeds thereof to their own use, states a cause of action in tort for conversion, and the contract is not a necessary part of the complaint.

From the Bartholomew Circuit Court. *Reversed.*

*G. W. Cooper* and *C. B. Cooper*, for appellants.

*W. F. Norton, J. W. Morgan*, and *M. D. Emig*, for appellees.

WILEY, J.—The only question presented by the record in this case is the action of the court in sustaining a demurrer to the amended complaint. The complaint is in one paragraph, and avers that appellants were partners engaged in the business of manufacturing and selling fertilizers, at wholesale, and that appellees were partners engaged in selling fertilizers at retail; that on the 6th of July, 1896, appellants and appellees entered into a written contract, by the terms of which appellees were to act as agents of appellants for the sale of fertilizers at Columbus, Indiana; that by said contract it was expressly understood and agreed that the title and ownership of all the fertilizers received by appellees under said contract should remain vested in appellants until sold by appellees; and that, until so sold, the same should at all times be subject

to the order of appellants, and, when sold, all proceeds, money, notes, etc., received in payment, should belong to, and be the property of appellants; and that appellees were forthwith to forward to them all proceeds of such sales; that in September, 1896, appellants shipped to appellees, at Columbus, about fifty tons of fertilizers; that appellees received the same, and commenced the sale thereof at retail, and between that time and January, 1897, sold of said fertilizers twenty-five tons; that said sales were made for appellants, and that appellees received from said sales the sum of $500; but that they did not forward or pay to appellants the same, or any of the proceeds of said sales, but unlawfully converted the same to their own use, to appellants' damage, etc.

The only objection that appellees make to the amended complaint is that the action is based upon a written contract, and that neither the contract nor a copy thereof is filed with the complaint. If the basis of the action is the written contract between the parties, and which is referred to in the complaint, then there can be no question but what it must be made a part of the complaint by being copied bodily into it, or made a part of it by exhibit. The statute so provides, and all the authorities so hold. Section 366, Burns' R. S. 1894 (363, Horner's R. S. 1897); *Brown* v. *State*, 44 Ind. 222. Additional authorities, numerous as they are, would be useless. It is insisted by appellant, however, that the action is not founded upon the contract, but upon the facts which charge a conversion. It has long been recognized in this State that a right of action *ex contractu* may be waived, and the party so waiving it seek his remedy *ex delicto*. *Lane* v. *Boicourt*, 128 Ind. 420; *Boor* v. *Lowrey*, 103 Ind. 468; *Hess* v. *Lowrey*, 122 Ind. 225, 7 L. R. A. 90. If that is the remedy which appellants here seek, and they are

not seeking a recovery on the contract, then the failure to file the original or a copy of the contract with the complaint was unnecessary.

It seems to us that the theory of the complaint is readily understood and plainly discernible from its averments, and that appellants ask a recovery for the wrongful conversion of money, which came into the possession of appellees, and which they have failed to turn or pay over to appellants. The demurrer admits the facts pleaded to be true, and the facts stated show a conversion of $500 in money belonging to appellants. So, we think it plain that the action is one sounding in tort, and not upon a contract. The facts do not charge a conversion of the fertilizer, for it appears from the complaint that appellees did with it what they had a right to do; i. e., they sold it in the usual course of trade. But here it is not averred that they converted the property itself to their own use, but the proceeds thereof. The money derived from the sale of the goods was as much the property of appellants, under the allegations of the complaint, as the fertilizers which appellants placed in the hands of appellees to sell; and a misapplication of such money, where it was their duty to turn it over to appellants, was a conversion of it.

In *Bixel* v. *Bixel*, 107 Ind. 534, it was held that where one takes possession of and sells personal property at the direction of the owner, but fails properly to apply or misapplies the proceeds, there is no conversion of the property, and that the liability of the seller is for the conversion or misapplication of the proceeds. In that case the court said: "If a person, having authority from the owner to sell the property and apply the proceeds, sells the property, and misapplies or converts the proceeds, he is liable for such misapplication or conversion, but does not become a wrongdoer *ab in-*

*itio.*" This language applies with great force to the facts set up in the complaint we are now considering. Here appellees were not wrongdoers *ab initio*, for they had a right to the possession of the property, and had a right to sell it, and they only became wrongdoers and made themselves liable therefor, when they misapplied or converted the money received from such sale, to their own use. In *Bunger* v. *Roddy*, 70 Ind. 26,. it was held, that where one is entrusted by another with money to be applied to a certain purpose, he is liable therefor for a conversion thereof, even without a demand. The court said: "The facts alleged in the complaint, if true, showed with sufficient clearness and certainty, that the appellant had in his possession a certain sum of money, belonging to the appellee, the possession of which he had obtained upon his promise that he would apply the same to the payment of William Roddy's note.  *  *  *  It was the appellant's duty either to apply the money, as he had undertaken to do, to the payment of said note, or to return the same forthwith to the appellee. In no event, under the facts stated in the complaint, could the appellant have acquired any such personal title to, or interest in, the money received by him from the appellee, as would· have authorized him, if from any cause he failed to apply the same to. the specific purpose for which it was received, to withhold such money from the appellee." In that case the complaint alleged that appellant had converted the money due to his own use; and it was held that the complaint was good, and that a demand was not necessary, and upon that question the court said: "Conceding, without deciding, that such an averment would ordinarily be necessary in the plaintiff's complaint, in such a case as the one now before us, we are of the opinion that the appellee's complaint in this case was not de-

fective for the want of such an averment. It was expressly alleged by the appellee, that the appellant had converted the money sued for to his own use; and the rule is, that, where an actual conversion is alleged, it is unnecessary to aver a demand." Of many cases so holding we cite the following: *Robinson* v. *Skipworth*, 23 Ind. 311; *Ferguson* v. *Dunn's Adm.*, 28 Ind. 58; *The Jeffersonville, etc., R. Co. v. Gent*, 35 Ind. 39; *Nelson* v. *Corwin*, 59 Ind. 489; *Proctor* v. *Cole*, 66 Ind. 576.

In the case before us, under the facts stated, appellees certainly had no greater right to appellants' money than appellant did in *Bunger* v. *Roddy, supra*. There Bunger got the money for a specific purpose, and here appellees got the money under an agreement with appellants that such money should be theirs, and with the specific promise that they would pay it over to them forthwith. In the case before us, appellees were the agents of appellants to sell the fertilizer placed in their possession, and it is well settled that, where an agent misappropriates, or misapplies, the money or property of his principal, he is guilty of conversion. *Clegg* v. *Baumberger*, 110 Ind. 536; *Worley* v. *Moore*, 97 Ind. 15.

Appellants had two remedies, to wit: (1) To declare upon the contract, and (2) to sue for conversion. They elected to pursue the latter, and have stated facts showing a conversion. Hence, as the written contract was not the basis of the action, it was wholly unnecessary to file the original or a copy of it with the complaint, and the objection urged against it for that reason is not well grounded. The judgment is reversed, with instructions to the trial court to overrule the demurrer to the amended complaint.

Henley, J., did not take part in the decision of this case.