## No. 9916.

### FERGUSON _v._ TURNER.

Decided January 10, 1921.

Action for conversion of money by real estate broker. Judgment for plaintiff.

*Affirmed.*

### On Application for Supersedeas.

1. ACTIONS—*Conversion*—*Tort.* An action for conversion lies where there has been an appropriation by an agent of the proceeds of a sale.

   An action for conversion is an action in tort.

2. JUDGMENT—*Body Execution.* Where an agent appropriated money belonging to his principal, an action for conversion was held to be clearly one founded on tort within the meaning of section 3024 R. S. 1908, authorizing a body execution.

*Error to the County Court of the City and County of Denver, Hon. Adair J. Hotchkiss, Judge.*

Mr. E. L. CLOVER, Mr. J. Q. DIER, for plaintiff in error.

Mr. F. T. JOHNSON, Mr. S. H. JOHNSON, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action which was originally instituted in a Justice Court, and there are, therefore, no pleadings. The summons issued in the Justice Court recites that the complaint of the plaintiff is "in an action in tort based on fraud and wilful deceit and plaintiff asks that body execution issue, for failure to pay him a certain demand, not exceeding three hundred dollars."

A trial in the Justice Court resulted in a judgment for plaintiff. An appeal was taken by defendant to the County Court. The case was there,tried to a jury, which assessed plaintiff's damages at $250, and in their verdict further stated as follows:

"We, the jury further find that in committing the tort complained of the defendant was guilty of actual fraud and wilful deceit."

The County Court entered judgment for plaintiff. The judgment was for $250 and costs, and authorized a body execution.

The defendant has sued out a writ of error, and the cause is before us upon his application for a supersedeas.

It is contended by the plaintiff in error, defendant below, that "no tort was proven" and that the verdict was therefore contrary to the evidence.

There was testimony from which the jury could have found the facts as follows: The plaintiff listed a tract of land for sale with the defendant, a real estate broker. The

selling price of the land was to be $2500, and the agent's commission was to be five per cent of such amount. The defendant afterwards found a purchaser, and represented to the plaintiff that he "could only get $2250" the plaintiff agreed to have the land sold for $2250 instead of $2500, and the defendant agreed to limit his compensation as agent to $100. The land was then sold, and plaintiff believed it was sold for $2250. The plaintiff later learned from the purchaser that the latter had paid $2500 for the land. The testimony on behalf of the plaintiff is further to the effect that after the sale the defendant represented to the plaintiff that only $2250 was received from the purchaser, and that the defendant accounted to the plaintiff for only $2250, and concealed from him the fact that he had received $2500 from the purchaser. This testimony shows that the defendant converted to his own use the sum of $250 belonging to plaintiff, this sum being the difference between $2500 and $2250. Conversion of money is a tort. 38 Cyc. 499. The contention that the verdict is not supported by the evidence is not well founded. The evidence is sufficient to support a finding that a tort was committed, and also that the defendant was guilty of actual fraud and wilful deceit.

The principal contention of the plaintiff in error is that it was error for the court to authorize a body execution. To support this contention, the plaintiff argues that the only case, if any, made out by the evidence was one in assumpsit, for money had and received. There is no doubt that the plaintiff could have elected to sue in assumpsit, but the record shows that the plaintiff elected to sue in tort for conversion of the money.

The plaintiff had the right to elect, as he did, to sue in tort. Where an agent is guilty of tortious conduct in regard to the performance of the duties which he has undertaken, the principal may ordinarily sue the agent either in contract or in tort. 1 C. J. 1023, sec. 147, and cases cited.

An action for conversion was a proper remedy in the instant case. An action in conversion lies where there has

been an appropriation by an agent of the proceeds of a sale. *Rauh v. Stevens,* 21 Ind. App. 650, 52 N. E. 997. Where an agent converts money of the principal to his own use, the principal may maintain an action of trover and conversion against him. 2 C. J. 887, sec. 578. In *Hogue v. Wells,* 180 Mich. 19, 146 N. W. 369, it was held that where an agent to whom a note had been delivered by his principal for collection collected a part of the note and failed to pay over the proceeds, the principal could maintain trover.

An action for conversion is an action in tort. 1 C. J. 1019. Conversion is a tort. 38 Cyc. 499. The basis of the plaintiff's right to recover damages was the defendant's alleged conversion of $250 of the purchase money received by the defendant from plaintiff's grantee. The action is clearly one "founded upon tort," within the meaning of section 3024 R. S. 1908. We cannot, therefore, sustain the contention of defendant to the contrary.

We find no error in the record. The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE SCOTT, sitting for MR. CHIEF JUSTICE GARRIGUES, and MR. JUSTICE BAILEY concur.