**Duane W. DEDELOW, Appellant (Defendant Below),**

v.

**RUDD EQUIPMENT CORPORATION, Appellee (Plaintiff Below).**

No. 3–783A202.

Court of Appeals of Indiana, Third District.

Oct. 31, 1984.

Harold Abrahamson, Mark P. Dvorscak, Hammond, for appellant.

James A. Knauer, Julie Z. Schmitt, Kroger, Gardis & Regas, Indianapolis, for appellee.

**HOFFMAN, Judge.**

Duane Dedelow (Dedelow) appeals from a summary judgment rendered in favor of Rudd Equipment Corporation (Rudd). Rudd filed its complaint for damages in the Lake County Circuit Court[1] seeking to recover the value of certain parts supplied by Rudd to repair a crane allegedly owned by Dedelow.

Dedelow was, during the time period in question, the sole proprietor of Calumet Charter Service. Said crane was leased by Calumet Charter Service to Dedelow, Inc., a corporation of which Dedelow was President and a substantial stockholder. The crane was damaged, on or about April 15, 1980, while being leased by Dedelow, Inc., to Certified Crane and Rigging, Inc., for use in Iowa. In Rudd's complaint it is alleged that Dedelow, on behalf of Dedelow, Inc., requested that Rudd supply parts for repair of the crane. The parts were thereafter supplied and invoices, with charges exceeding $240,000.00, were submitted to Dedelow, Inc., for payment. A check made payable to Rudd, in the amount of $179,810.07, drawn by Dedelow upon the bank account of Calumet Charter Service, was presented for payment but dishonored for insufficiency of funds.

Rudd filed its three-count complaint against Dedelow on July 29, 1980, alleging, in Count I, a violation of Indiana law based upon the dishonored check. Count II alleges that Dedelow fraudulently misrepresented that Dedelow, Inc., owned the crane to induce Rudd to supply the parts. Rudd alleges in Count III that Dedelow was unjustly enriched by the value of parts supplied by Rudd.

A motion for summary judgment, along with a legal memorandum and affidavit in support, was filed by Rudd on February 26, 1982, relating only to Count III of Rudd's complaint. Dedelow filed his affidavit in

---

1. Cause was venued to Porter County Superior Court on February 19, 1981.

opposition and after a hearing on Rudd's motion, the court granted summary judgment in favor of Rudd on Count III.[2]

Pursuant to the Ind. Rules of Procedure, Trial Rule 56, summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions and affidavits filed with the court show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

T.R. 56; *Bell v. Northside Finance Corp.*, (1983) Ind., 452 N.E.2d 951. A fact is said to be material when its existence facilitates resolution of any of the issues involved. *Havert v. Caldwell*, (1983) Ind., 452 N.E.2d 154. When reviewing a grant of summary judgment, this Court may not weigh the evidence or resolve disputes as to different inferences which might be drawn from undisputed facts. The moving party has the burden of establishing that no material facts are in issue and all doubts and inferences must be resolved in favor of the non-moving party. *Burdsall v. City of Elwood*, (1983) Ind.App., 454 N.E.2d 434.

On appeal, Dedelow's primary challenge is to the affidavit of Scott K. Ferguson, filed in support of Rudd's motion for summary judgment. That affidavit appears as follows:

"AFFIDAVIT IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

Comes now Scott K. Ferguson, who, being duly sworn upon his oath deposes and states as follows:

1. That he is the General Manager of Rudd Equipment Corporation ('RUDD'), 2655 Kentucky Avenue, Indianapolis, Indiana.

2. That RUDD is a dealer for Lima Cranes, parts and accessories for such cranes and Duane W. Dedelow ('DEDELOW') is the owner of a certain Lima Crane, Model No. 7707, Serial No. 3703–9 and such crane is believed to be currently located in the State of Iowa.

3. That the crane owned by DEDELOW was damaged in an accident and during a period commencing on or about April 15, 1980 through June 27, 1980, DEDELOW requested RUDD to furnish parts necessary for the repair of the crane.

4. That RUDD was induced to furnish such parts upon the request of DEDELOW and upon the representation by DEDELOW that the crane was owned by an Indiana corporation, Dedelow, Inc., and that the costs of the repair parts furnished for the crane would be paid from insurance proceeds payable as a result of the accident which damaged the crane.

5. That based upon the representations of the existence of insurance, RUDD ordered or shipped parts for the crane for which RUDD is currently due the sum of $248,014.09, plus interest.

6. That after shipment of the parts, DEDELOW advised RUDD that the crane was owned by DEDELOW personally, and not Dedelow, Inc.

7. That DEDELOW d/b/a Calumet Charter Service, and Dedelow, Inc. obtained insurance proceeds in the amount of $187,000.00 as partial reimbursement for damages to the crane for which parts had been shipped by RUDD, a copy of the check and endorsements thereon is attached to this Affidavit as Exhibit 'A'.

8. That on the 2nd day of June, 1980, DEDELOW d/b/a Calumet Charter Service issued a check to RUDD in the amount of $179,810.07, a copy of such check being attached to RUDD's Complaint as Exhibit 'A'.

9. That DEDELOW has been unjustly enriched by the value of the parts which RUDD shipped or ordered for his crane and RUDD should recover the value of such parts or the sum of

---

**2.** The court awarded Rudd the sum of $293,-782.88.

$248,014.09 as evidenced by invoices attached to Plaintiff's Complaint.

10. That the check of June 2, 1980, was presented in the usual course of business and dishonored by the drawee bank, Northern Indiana Bank and Trust Company, because of non-sufficient funds, the dishonor being conspicuously noted on the face of the check.

11. That the indebtedness for which the check was given in payment is still due and owing and DEDELOW has failed to make any payment thereon.

FURTHER AFFIANT SAITH NAUGHT.

/s/ Scott K. Ferguson
Scott K. Ferguson G.M.

I affirm under the penalties of perjury that the foregoing statements are true.

/s/ Scott K. Ferguson
Scott K. Ferguson G.M."

The affidavit, Dedelow argues, was improperly considered by the trial court as it does not show that Ferguson had personal knowledge of the facts set forth therein and merely reiterates the allegations of Rudd's complaint.

In order to be used in support of a motion for summary judgment, an affidavit must be made on personal knowledge, must set forth such facts as would be admissible in evidence and shall affirmatively show that the affiant is competent to testify as to the matters stated therein. Mere assertions in an affidavit of conclusions of law or opinions will not suffice. T.R. 56(E); *Indiana University Hospitals v. Carter*, (1983) Ind.App., 456 N.E.2d 1051. When the contents of an affidavit supporting or opposing a motion for summary judgment show that the material parts thereof are statements of the affiant's personal knowledge, the mandate of T.R. 56(E) is met notwithstanding the absence of a prefatory remark averring personal knowledge. *French v. Hickman Moving & Storage*, (1980) Ind.App., 400 N.E.2d 1384.

The affidavit approved by the court in *French* contained statements relating to the business operations of a moving company. The affiant therein stated that she was the co-owner and bookkeeper of the company and as such was familiar with its operations and accounts. Statements made by Ferguson in his affidavit involve the business operations of Rudd. As general manager of Rudd, Ferguson may well be in a position to have personal knowledge of the company's operations, including a sale of crane parts. However the affidavit makes no showing that Ferguson had any knowledge of or was in any way involved with this sale. The affidavit does not show that he would ever have personal knowledge of such a sale. The contents of the Ferguson affidavit fail to establish the requisite personal knowledge and as such was improperly considered by the trial court.

The trial court ordered summary judgment in favor of Rudd on Count III of its complaint finding that there were no genuine issues of material fact. In Count III, Rudd seeks to recover the value of parts supplied to Dedelow alleging that Dedelow has been unjustly enriched by the value of the parts.

Unjust enrichment comes within the purview of an action based on quasi contract or quantum meruit. *Indpls. Raceway Park v. Curtiss*, (1979) 179 Ind.App. 557, 386 N.E.2d 724. A party seeking to recover upon such a theory must demonstrate that a benefit was rendered to the other party at the express or implied request of such other party *Kody Engineering v. Fox Ins. Agency*, (1973) 158 Ind.App. 498, 303 N.E.2d 307.

To determine whether a benefit was rendered to Dedelow, Rudd must establish that the crane for which the parts were supplied was owned by Dedelow. Dedelow, in his affidavit, states that the actual ownership of the crane remains in question.[3] The Court must consider as true the

---

3. Paragraph 7 of Dedelow's affidavit appears as follows:

"... The crane, its ownership, the responsibility for the repairs is and has been the subject of litigation in the United States District Court

**1210**

facts properly set forth in Dedelow's affidavit. *Ogilvie v. Steele by Steele*, (1983) Ind.App., 452 N.E.2d 167. Additionally, if the crane is shown to be owned by Dedelow, Rudd must establish that Dedelow expressly or impliedly requested that Rudd supply the parts. The record herein does not clearly reflect the negotiations surrounding the sale of parts. The existence of a *valid* contract between Rudd and Dedelow would preclude an action in quasi contract. *Kincaid v. Lazar*, (1980) Ind. App., 405 N.E.2d 615.

As any doubt about the existence of a genuine issue of material fact must be resolved against Rudd, the summary judgment rendered in its favor must be reversed and the cause remanded for trial.[4]

Reversed and remanded.

STATON, P.J., and GARRARD, J., concur.

for the Northern District of Indiana, in Cause No. H80–462, *Duane W. Dedelow, d/b/a Calumet Charter Service, et al. v. First Maryland Lease Corporation,* who claimed that the crane belonged to them, and claimed ownership but in fact entered into a lease with E.W. Coons, of Hibbing, Minnesota."

4. In light of the Court's reversal, additional issues presented by appellant need not be addressed.