**EXCEL INDUSTRIES, INC.,**
**Appellant–Plaintiff,**

**v.**

**SIGNAL CAPITAL CORPORATION,**
**Appellee–Defendant.**

**No. 43A03–9010–CV–424.**

Court of Appeals of Indiana,
Third District.

July 15, 1991.

Robert T. Sanders, III, Daniels, Sanders & Planowski, Elkhart, for appellant-plaintiff.

Randall G. Hesser, Warrick, Weaver & Boyn, Elkhart, for appellee-defendant.

HOFFMAN, Judge.

Appellant-plaintiff Excel Industries, Inc. (Excel) appeals the decision of the trial court granting summary judgment in favor of appellee-defendant Signal Capital Corporation (Signal).

The facts relevant to the appeal disclose that in June of 1988, Excel, a corporation that conducts manufacturing operations, contacted Signal, a lease financing compa-

ny, to discuss the financing of replacement computer equipment. On July 8, 1988, William Gude, secretary/treasurer of Excel, signed Signal's credit application form and delivered a check to Signal in the amount of $35,043.00 pursuant to the commitment deposit provision of the application. The check was deposited in Signal's general bank account where it was commingled with other funds. On July 22, 1988, representatives of Excel and Signal met to complete additional paperwork, but due to a breakdown in communication, Excel decided to seek financing elsewhere. Excel filed a complaint for return of the deposit and conversion on October 21, 1988.

On April 3, 1990, Excel moved for summary judgment on both counts of the complaint. Signal moved for summary judgment on the second count of the complaint on August 21, 1990. After a hearing on August 28, 1990, the trial court entered summary judgment in favor of Signal on both counts of the complaint. This appeal ensued.

■ Excel contends the trial court erred in entering summary judgment in favor of Signal on both counts of the complaint. In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. A court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court must liberally construe all evidence in favor of the non-moving party and resolve any doubt against the moving party. Even if the court believes the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences.

Ind.Trial Rule 56(C);
*Hale v. Community Hosp. of Indianapolis* (1991), Ind.App., 567 N.E.2d 842, 843.

■ Specifically, Excel argues that the trial court failed to properly construe the operative terms of the credit application. It is well-established law that, unless the terms of a contract are ambiguous, they will be given their plain and ordinary meaning. *Tate v. Secura Ins.* (1990), Ind.App., 561 N.E.2d 814, 819. Terms of a contract are not ambiguous merely because a controversy exists between the parties concerning the proper interpretation of the terms. *Id.* Where the contract is unambiguous, its construction is a matter of law to be determined by the trial court. *Id.*

The application terms in question provide as follows:

"(1)

Applicant herewith encloses its Commitment Deposit in the amount of 2% of the Acquisition Cost shown above which shall be fully earned by [Signal] upon [Signal's] notice of credit approval to Applicant. Upon [Signal's] approval, the Commitment Deposit will not be refunded but will be applied toward the first periodic payment. If the Credit Application is not approved by [Signal], the Commitment Deposit will be refunded. Payment Schedule is subject to change 60 days after the date of credit approval, if takedown has not occured.

(2)

Applicant hereby authorizes and directs [Signal] to process this application, and, if approved, prepare legal documentation incorporating the terms set forth above. Until such time as such documentation is executed by Applicant and [Signal], the terms of this application are not binding on [Signal], or Excel Industries, Inc." [1]

Although the trial court found that the "not binding" language in the latter provision did not apply to Signal's right to retain Excel's commitment deposit under the former provision, this Court finds otherwise. Both provisions are clear and unambiguous, and the latter provision expressly provides that none of the application terms are binding on either party until the execution of legal documentation. If Signal had meant to exclude certain terms from the latter provision, it should have drafted an exclusionary clause in that provision. The

1. Signal added the words "or Excel Industries, Inc." to the application at the request of Excel.

trial court's grant of summary judgment in favor of Signal on count one of Excel's complaint was erroneous.[2]

■ Excel also alleges that the trial court erred in failing to find a criminal conversion of its deposit and, therefore, in failing to award treble damages and attorney's fees under IND.CODE § 34–4–30–1 (1988 Ed.). The criminal conversion statute, IND.CODE § 35–43–4–3 (1988 Ed.), reads as follows:

> "A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor."

IND.CODE § 34–4–30–1 provides in pertinent part:

> "If a person suffers a pecuniary loss as a result of a violation of IC 35–43, he may bring a civil action against the person who caused the loss for the following:
>
> (1) An amount not to exceed three (3) times his actual damages.
>
> (2) The costs of the action.
>
> (3) A reasonable attorney's fee."

A criminal conviction is not a condition precedent to recovery under IND.CODE § 34–4–30–1. *White v. Indiana Realty Associates II* (1990), Ind., 555 N.E.2d 454, 456. The claimant need only prove by a preponderance of the evidence rather than beyond a reasonable doubt that the defendant committed the criminal act. *Id.*

■ Two cases are relevant to Excel's claim for treble damages and attorney's fees: *Midland–Guardian Co. v. United Consumers Club* (1986), Ind.App., 499 N.E.2d 792, *reh. denied* (1987), 502 N.E.2d 1354, and *Kopis v. Savage* (1986), Ind.App., 498 N.E.2d 1266. In *Midland*, this Court affirmed a trial court's finding of criminal conversion where the defendants refused to return the plaintiff's holdback reserve funds after the parties ceased doing business. The *Midland* court noted that the parties had an ongoing business relationship, that the funds belonged to the plaintiff subject only to the defendants' right to charge back uncollectible contracts, and that the funds were entrusted to the defendants to be separately held and accounted for. The *Kopis* court, on the other hand, reversed a trial court's finding of criminal conversion where the defendants refused to refund the plaintiff's deposit after the sale of a business fell through. Although the defendants in *Kopis* had agreed to refund "the full amount" if the plaintiff could not obtain financing, this Court found that, without a more specific identification of the funds to be returned, and without a clearer statement of the parties' intention that the defendants separate the funds in some manner,[3] the defendants' refusal to return the deposit was a failure to pay a debt. *See National Fleet Supply, Inc. v. Fairchild* (1983), Ind.App., 450 N.E.2d 1015, 1019 (no action for conversion will lie where there is simply the refusal to pay a debt).

Like the agreement in *Kopis*, the credit application in the instant case provided that Signal would refund Excel's deposit if it did not approve the application. The parties did not have an ongoing business relationship, the deposit had ceased to be a separate, specifically identifiable chattel, and Excel no longer had a property interest in the specific funds deposited. Consequently, the trial court's grant of summary judgment in favor of Signal on count two of Excel's complaint was proper.

Reversed in part and affirmed in part.

STATON and MILLER, JJ., concur.

---

**2.** Due to our ruling on this issue, we need not address whether Signal provided notice of credit approval to Excel.

**3.** The defendants commingled the plaintiff's deposit with other unrelated accounts.