Donald Lee PAUL; Judith Pfeiffer Paul; Robert W. Baird Co., Inc., a financial investment firm; and John Doe, closing agent for the sale of Defendants' real estate located at 7124 Paddlegate Court, Fort Wayne, Indiana, Appellants–Defendants,

v.

I.S.I. SERVICES, INC. and Tri–State Attorney Services, d/b/a I.S.I. Security, Appellees–Plaintiffs.

No. 02A03–9904–CV–167.

Court of Appeals of Indiana.

Feb. 28, 2000.

**320**

Perry D. Shilts, Melanie L. Farr, Haller & Colvin, P.C., Fort Wayne, Indiana, Attorneys for Appellants.

Robert S. Bechert, Tremper, Bechert, Leonard & Terrill, Fort Wayne, Indiana, Attorney for Appellees.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Judith Pfeiffer Paul ("Judith") brings this interlocutory appeal from the trial court's grant of a preliminary injunction in favor of I.S.I. Services, Inc. and Tri–State Attorney Services, d/b/a I.S.I. Security (collectively, "I.S.I.Security").

We affirm.

### ISSUE

Whether the trial court abused its discretion by granting the preliminary injunction.

### FACTS

Judith's husband Donald Paul ("Donald") owns a one-third interest in I.S.I Security. I.S.I. Security filed a complaint for damages against both Donald and Judith, alleging that Donald had misappropriated more than $190,000 from the company while serving as its treasurer and that Judith derived the benefit and use of these funds as a result of her relationship with Donald. I.S.I. Security also alleged in its complaint that a substantial portion of the misappropriated funds had been invested in a jointly-owned brokerage account and in the couple's marital home.

Several months before the filing of I.S.I. Security's complaint, Judith had filed a petition for dissolution of her marriage to Donald. In conjunction with the dissolution action, Judith had proposed a property settlement in which she would receive their brokerage account and one-half of the net proceeds from the sale of the marital residence. Before any action was taken on this proposal by the dissolution court, I.S.I. Security filed its complaint and sought a preliminary injunction against Donald and Judith. Specifically, I.S.I. Security asked the trial court to restrain Donald and Judith from selling, transferring, or otherwise disposing of the assets in the brokerage account or any funds received from the sale of their home. Following a hearing, the trial court granted I.S.I. Security a preliminary injunction upon its posting of a surety bond in the amount of three hundred thousand dollars ($300,000) for the payment of any damages Donald and Judith might sustain for a wrongful injunction.

### DECISION

The grant or denial of a preliminary injunction lies within the sound discretion of the trial court. *Jay County Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.,* 692 N.E.2d 905, 908 (Ind.Ct.App.1998), *trans. denied.* We will not interfere with the exercise of that discretion unless it is shown that the trial court's action was arbitrary or constituted a clear abuse of discretion. *Id.* In reviewing the trial court's action, we do not weigh conflicting evidence but rather consider only the evidence supporting the trial court's findings, conclusions of law, and order. *Id.* at 909.

The trial court's discretion to grant or deny a preliminary injunction is measured by several factors: (1) whether the movant's remedies at law are inadequate, thus causing irreparable harm pending resolution of the substantive action if the injunction does not issue; (2) whether the movant has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case;

and (3) whether the threatened injury of the movant outweighs the threatened harm the grant of the injunction would occasion. *Id.*[1] If the movant fails to prove any one of these requirements, the trial court's grant of an injunction is an abuse of discretion. *Id.* Judith contends the injunction cannot lie because I.S.I. Security failed to show any of the three requirements.

■ We begin with whether, as concluded by the trial court, I.S.I. Security's remedies at law were inadequate so as to subject it to irreparable harm absent an injunction. According to Judith, because its damages were monetary, I.S.I. Security had an adequate remedy at law. We cannot agree.

■ The object of a preliminary injunction is to maintain the status quo pending adjudication of the underlying claim. *Jay County*, 692 N.E.2d at 909. Because an injunction serves to prevent harm to the moving party that could not be corrected by a final judgment, the general rule is that an injunction will not be granted where the law can provide a full, adequate and complete method of redress. *Id.* Although "mere economic injury" generally does not warrant the grant of a preliminary injunction, the trial court has a duty to determine whether the legal remedy is as full and adequate as the equitable remedy. *Id.* A legal remedy is not adequate merely because it exists as an alternative to an equitable form of relief. *Porter Memorial Hosp. v. Malak*, 484 N.E.2d 54, 62 (Ind.Ct.App.1985). Instead, injunctive relief will be granted if it is more practicable, efficient, or adequate than that afforded by law. *Id.* A legal remedy is adequate only where it is as "plain, complete and adequate – or in other words, as practical and efficient to the ends of justice and its prompt administra-

tion – as the remedy in equity." *Jay County*, 692 N.E.2d at 909 (quoting *McKain v. Rigsby*, 250 Ind. 438, 237 N.E.2d 99, 103 (1968)).

I.S.I. Security claimed that it had suffered damages in excess of $190,000. Its complaint sought treble damages, costs, and attorney fees (pursuant to IND.CODE § 34–24–3–1 AND 34–51–1–3). Evidence at the hearing strongly suggested that I.S.I. Security would be able to establish that Donald, due to his admission, had indeed embezzled substantial sums. Thus, a judgment of close to a half-million dollars against Donald and Judith is within reasonable contemplation. Evidence indicated that at the time of the hearing, I.S.I. Security had a negative value, precluding any recoupment of Donald's interest therefrom to satisfy a judgment. Similarly, evidence of an interest by Donald in certain real estate indicated that it might have a negative value because of the presence of underground storage tanks. As to the marital assets, it was undisputed that the only assets likely to be available for execution were the joint brokerage account in the amount of $162,000 and the marital residence, the sale of which was anticipated to net $75,000.[2]

Therefore, the evidence before the trial court indicated that an injunction would maintain the status quo of $237,000 in marital assets being available for possible execution. If the marital property were distributed as proposed, Donald would have only about $37,500 in assets. Further, the trial court heard testimony that Donald had attempted suicide, had been hospitalized for mental problems, and had indicated an intention to move away from the area. Moreover, the trial court had before it circumstances indicating not just speculation that assets might undergo a certain

---

1. A fourth factor is whether the public interest will be disserved. *Id.* Application of this factor was not argued to the trial court; nor is it an issue discussed by Judith on appeal.

2. Absent the injunction, the property settlement would give the entire brokerage account to Judith, and Judith and Donald would each receive $37,500 from the sale of the residence.

disposition but the undisputed intention of Donald and Judith to change the character of specific assets. Therefore, based upon the facts before the trial court, we find no abuse of discretion in its conclusion that an injunction was more practicable, efficient, and adequate than I.S.I.'s legal remedy. *See Porter Memorial Hospital.*

Judith also contends that the trial court erred in its conclusion that I.S.I. Security had demonstrated a reasonable likelihood of success at trial in its claim that she was unjustly enriched by Donald's embezzlement. Again, we must disagree.

To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust. *Bayh v. Sonnenburg,* 573 N.E.2d 398, 408 (Ind.1991), *cert. denied* 502 U.S. 1094, 112 S.Ct. 1170, 117 L.Ed.2d 415 (1992). Judith testified that she had started the brokerage account, and that she had added nothing to it since 1995. She further testified that Donald had not done so either. However, the evidence submitted about that account reflects the deposit of approximately $60,000 therein during the period of the embezzlement. Further, the trial court heard that embezzled funds were used to make house and car payments, and to pay for vacations by Donald and Judith, their theater tickets, and various household repairs. Such evidence supports the inference that Judith was unjustly enriched by Donald's embezzlement.

Finally, Judith claims that I.S.I. Security failed to demonstrate that its threatened injury outweighed the harm that the grant of the injunction would cause Judith. The trial court ordered I.S.I. Security to post a $300,000 bond, which it did. The trial court specifically found that I.S.I. Security would be harmed by an inability to collect a judgment in the absence of an injunction. Judith directs us to her testimony that if she did not receive her share of the proceeds from the sale of the marital residence, she would be unable to buy a new home. However, the amount of the bond appears more than reasonable to protect Judith from any economic loss that she might sustain if she is found to have been wrongly enjoined. We do not find that the trial court abused its discretion when it balanced the threatened harm to I.S.I. Security against the harm Judith anticipated of being unable to buy a house until resolution of I.S.I.'s complaint and concluded that the threatened harm to I.S.I. Security outweighed the threatened harm to Judith.

We affirm.[3]

NAJAM, J., concurs.

STATON, J., dissents with separate opinion.

STATON, Judge, dissenting.

I dissent. "Injunctive relief has been referred to as 'the strong arm of the court.'" *Wells v. Auberry,* 429 N.E.2d 679, 682 (Ind.Ct.App.1982) (quoting *Laughlin v. Lamasco City,* 6 Ind. 223, 228 (1855)); *see also* 42 AM.JUR.2D *Injunctions* § 2 (1969) (the injunction is frequently termed the "strong arm of equity"). This moniker is well earned, as the present case aptly demonstrates. The injunction here prevents both Judith and Donald Paul

---

3. In her "Statement of the Issues," Judith specifies her three challenges to the factors that are weighed relative to the issuance of a preliminary injunction. *See* Appellant's Brief at 1. Her "Summary of Argument" also discusses only the application of those three factors. *See Id.* at 10–11. However, in her actual argument, after she has argued the three factors, she adds an issue: whether I.S.I. Security committed abuse of process by seeking a preliminary injunction "for the ulterior purpose of hindering the Pauls' divorce" rather than pursuing the statutory prejudgment attachment and garnishment procedure. *Id.* at 18. Even if this purported issue and argument were not virtually hidden in Judith's brief, we would consider it waived because it was not made to the trial court. *See Franklin Bank and Trust Co. v. Mithoefer,* 563 N.E.2d 551 (Ind.1990).

from transferring, selling, or otherwise disposing of certain jointly held assets. Since Judith and Donald may not divest themselves of their interest in this property, the injunction precludes the division of this property in a divorce proceeding initiated by Judith. Accordingly, the injunction effectively places the dissolution proceeding on hold until the merits of the present case are decided. *See* IND.CODE § 31–15–7–4 (1998); *Cunningham v. Cunningham*, 430 N.E.2d 809, 812 (Ind.Ct. App.1982) (property division is always an issue in a dissolution of marriage action). This is an extreme burden to place on Judith, whose husband is, as emphasized by the majority, an admitted thief who has attempted suicide and been hospitalized for mental problems. The injury this burden occasions cannot be redressed by the $300,000 bond posted by I.S.I. Security.

Although I conclude that the burden the injunction places on the dissolution proceeding weighs heavily against granting it, I do not rest my dissent on that fact.[4] Rather, I discuss it only to demonstrate the irreparable damage that an improvidently granted injunction creates in this case. I dissent because I.S.I. Security failed to meet its burden of proving that its remedy at law is inadequate.

It is well established that an injunction shall not issue unless the party requesting it lacks an adequate remedy at law. *McKain v. Rigsby*, 250 Ind. 438, 237 N.E.2d 99, 103 (1968); *Jay County Rural Elec. Membership Corp. v. Wabash Valley Power Assoc., Inc.*, 692 N.E.2d 905, 908 (Ind.Ct.App.1998), *trans. denied.* Even where a legal remedy exists, however, it will defeat an injunction only where it is "as plain, complete and adequate – or, in other words, as practical and efficient to the ends of justice and its prompt administration – as the remedy in equity." *McKain,* 237 N.E.2d at 103. "The object of a preliminary injunction is 'to maintain the status quo pending adjudication of the underlying claim.'" *Jay County REMC,* 692 N.E.2d at 909 (quoting *Wells,* 429 N.E.2d at 683). "The necessity of preserving the status quo is to prevent harm to the moving party which could not be corrected by final judgment." *Wells,* 429 N.E.2d at 683.

Here, I.S.I. Security has sought a monetary judgment from Donald and Judith. I.S.I. Security can be made whole by obtaining and collecting this monetary judgment. The general rule is that "mere economic injury" does not entitle a party to injunctive relief "because an award of post-trial damages is sufficient to make the party whole." *Jay County REMC,* 692 N.E.2d at 909. In such a case the party's remedy at law is adequate. *Id.* Citing *Jay County REMC,* I.S.I. Security contends that even where an injury is economic, the remedy at law can be inadequate where the moving party will have difficulty collecting its monetary judgment.

In *Jay County REMC,* a power association sought an injunction to require a rural electric company to continue to purchase electricity from the power association in accordance with an "all-requirements" contract between the parties. The rural electric company had sought to terminate the contract and to purchase electricity from a different supplier. In granting the preliminary injunction, the trial court found that the power association's "remedy of law is inadequate in that [the rural electric company] would have insufficient liquid assets,

---

4. A court may not grant an injunction unless the party seeking the injunction has established that "the threatened injury to the movant outweighs the threatened harm the grant of the injunction would occasion upon the nonmovant." *Jay County Rural Elec. Membership Corp. v. Wabash Valley Power Assoc., Inc.,* 692 N.E.2d 905, 908 (Ind.Ct.App.1998), *trans. denied.* The effect that the injunction has on the dissolution action weighs heavily against granting the injunction. Although Judith briefly argued that the injunction was sought for the ulterior purpose of hindering the Pauls' divorce, I agree with the majority that she failed to adequately argue the point. Accordingly, I base my dissent on other grounds.

and/or insufficient non-liquid assets against which it might obtain funding, to pay an award of damages to [the power association] in this cause." *Id.* The trial court found that the power association could have lost as much as four million dollars in revenue in one year if the preliminary injunction were not granted and that the power association would have had great difficulty collecting its damages from the rural electric company. This court held that the trial court had not abused its discretion in granting the injunction. *Id.* at 910.

I.S.I. Security seeks to compare itself to the power association in *Jay County REMC*. In fact, the trial court appears to have modeled its finding regarding the adequacy of I.S.I. Security's remedy at law after the trial court's finding in *Jay County REMC* since the court's finding here is identical to that finding in all pertinent respects.[5] Nevertheless, a significant difference exists between the factual circumstances that made an injunction appropriate in *Jay County REMC* and the factual circumstances of this case. Had it not been for the injunction in *Jay County REMC*, the power association's damages would have continued to accrue during the pendency of the underlying lawsuit. Thus, the power association's damages could have greatly increased during this time, resulting in a significantly larger, and possibly uncollectible, judgment. Here, I.S.I. Security's damages were fixed at the time it filed its lawsuit as Donald was no longer in a position to embezzle funds. Because I.S.I. Security's damages will not increase during the litigation, the risk that I.S.I. Security will not be made whole by a money judgment is significantly lower than the risk present in *Jay County REMC*. In fact, the only risk in this case stems from the possibility that Donald or Judith might dissipate their assets, a possibility that is present in most lawsuits in which mone-

tary damages are sought. Our legislature has created statutory procedures for managing this type of risk, by which a plaintiff may attach the property of a defendant or obtain an injunction to prevent the dissipation of assets pending a judgment. *See* IND.CODE §§ 34–25–2–1 to 34–25–2–25 (1998) (procedures for attachment of defendant's property); IND.CODE § 34–26–1–6 (1998) (temporary injunction may issue to restrain defendant from fraudulently removing or disposing of property).

I.S.I. Security has not sought to utilize the attachment procedures of IC 34–25–2. Moreover, I.S.I. Security has not made the showing necessary to obtain an injunction pursuant to IC 34–26–1–6, which provides that a temporary injunction may issue where a defendant has threatened to remove or dispose of his property or is about to remove or dispose of his property with the intent to defraud his creditors. The evidence that Donald might move away from the area, that Donald may be mentally unstable, and that Donald and Judith seek to split their assets between themselves as part of a dissolution proceeding does not establish an intent to defraud their potential judgment creditors.

I do not disagree with the majority insofar as it concludes that I.S.I. Security might not be made whole by a monetary judgment in this case. As the majority notes, a judgment of approximately one half million dollars in I.S.I. Security's favor against Donald, Judith, or both is within reasonable contemplation. At the time of the preliminary injunction hearing, it appeared that Donald and Judith did not own a half million dollars in assets that would be subject to collection following a judgment. Therefore, freezing the defendants' assets with the injunction will not necessarily make I.S.I. Security whole; it only increases the probability that I.S.I. Security will collect a portion of its judgment.

---

**5.** In granting the injunction here, the trial court found: "The Plaintiffs' remedy of law is inadequate in that the Defendants would have insufficient liquid assets and/or insufficient non-liquid assets against which it might obtain funding to pay an award of damages to Plaintiffs in this cause." Record at 71.

In my estimation it is poor policy and an abuse of the injunctive power to place defendants, even those that are likely to have a judgment rendered against them, in a financial deep freeze while a lawsuit proceeds to its conclusion. *See Grupo Mexicano Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999) (federal district court exceeded its authority by issuing an injunction that prevented defendants from disposing of their assets pending adjudication of plaintiffs' claim for money damages). It is better policy to require the party seeking the injunction to show that the defendant is or is about to dissipate his assets with the intent to defraud his creditors. *See* IC 34–26–1–6.

I.S.I. Security did not demonstrate to the trial court that its remedy at law is inadequate. I conclude that the trial court abused its discretion in granting the preliminary injunction. Therefore, I dissent.