DOMINIACK MECHANICAL, INC. and Jerry Dominiack, Appellants–Plaintiffs,

v.

Sheila H. DUNBAR, Angie Binion, Jarvis Edison, Lee Becton, Ray Zellars, Allen Rossum, Jimmy Young, Bobby Taylor, Tracy Graham, Willa Zellars, Tommy Myles, Eric Chappell, Ivory Covington, James Clay, Darlene Clay, Ron Thomas, Lori Thomas, Becca Dalton, Ryan Gee, Ann Holm, Jay Holm, Bobby Howard, Rich Kizer, Lee Lafayette, Raki Nelson, Cyrus Edison, Samarra Edison, Rolondo Mario and Jacalyn Mario, Appellees–Defendants.

No. 71A03–0012–CV–455.

Court of Appeals of Indiana.

Oct. 22, 2001.

R. William Jonas, Jr., Hammerschmidt, Amaral & Jonas, South Bend, IN, Attorney for Appellants.

## OPINION

SULLIVAN, Judge.

Appellants, Dominiack Mechanical, Inc. and Jerry Dominiack (collectively "Dominiack"), challenge the trial court's dismissal of Count II of their second amended complaint against appellees Becca Dalton, Ryan Gee, and Rich Kizer.

We affirm in part, reverse in part, and remand.

On January 17, 2000, Dominiack filed a second amended complaint against the ap-

pellees. Count II of this complaint reads as follows:

"For their complaint against the Defendants ... Becca Dalton, Ryan Gee, [and] Rich Kizer ... the Plaintiffs say:

1. In January, 1998, Kimberly Dunbar organized a trip to a Chicago Bulls game; she rented a skybox, had food and drinks catered to the party, and provided transportation for persons attending the party.

2. The cost of the skybox party was in excess of $20,000.00; the party was paid for with funds embezzled by Kimberly Dunbar from the plaintiffs.

3. The Defendants named in this count attended the party and have refused, despite demand, to return to Plaintiffs their pro-rata share of funds for the party.

4. Each of the following is responsible under the theories of civil conversion and unjust enrichment to pay to Plaintiffs the amount listed after his or her name as their share of the cost of the party:

\* \* \*

| c. | Becca Dalton | $1,111.11 |
| d. | Ryan Gee | $1,111.11 |

\* \* \*

| g. | Rich Kizer | $1,111.11 |

\* \* \*

WHEREFORE, Plaintiffs pray judgment against the Defendants, individually, in the amounts set out above.... Plaintiffs request all other just and proper relief under Indiana law." Record at 17–18.

On April 24, 2000, Dalton, Gee, and Kizer filed a motion to dismiss Count II of Dominiack's complaint pursuant to Indiana Trial Rule 12(B)(6), along with a memorandum in support thereof. On September 20, 2000, Dominiack filed a memorandum in opposition to the motion to dismiss, and

Dalton, Gee, and Kizer filed a reply memorandum in support of their motion to dismiss on October 6, 2000. Thereafter, on October 19, 2000, the trial court granted Dalton, Gee, and Kizer's motion to dismiss Count II of Dominiack's complaint with prejudice. Dominiack then filed a motion to certify the trial court's order for interlocutory appeal on November 20, 2000. On November 29, 2000, the trial court entered an amended order of dismissal, wherein it entered judgment upon Count II in favor of Dalton, Gee, and Kizer. It is from this judgment that Dominiack appeals.

Dominiack claims that the trial court erred when it dismissed Count II of the complaint because, according to Dominiack, the complaint adequately states causes of action for unjust enrichment and conversion. Our review of a dismissal under T.R. 12(B)(6) is *de novo*, and no deference to the trial court's decision is required. *Wilhoite v. Melvin Simon & Assoc., Inc.*, 640 N.E.2d 382, 384 (Ind.Ct. App.1994). A motion to dismiss based upon T.R. 12(B)(6) tests the legal sufficiency of a claim, not the facts supporting it. *Hosler ex rel. Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 196 (Ind.Ct.App. 1999), *reh'g denied, trans. denied.* We must determine whether the complaint states any facts upon which the trial court

could have granted relief, viewing the complaint in the light most favorable to the non-moving party. *Id.* In determining whether any facts will support the claim, we may look only to the complaint and the reasonable inferences to be drawn therefrom, and may not resort to any other evidence in the record. *Wilhoite*, 640 N.E.2d at 384; *Hosler*, 710 N.E.2d at 196. A motion to dismiss is properly granted only when the allegations present no possible set of facts upon which the plaintiff could recover. *Indiana Gaming Co., L.P. v. Blevins*, 724 N.E.2d 274, 277 (Ind.Ct. App.2000), *trans. denied.* If a complaint states a set of facts which, even if true, would not support the relief requested therein, we will affirm the dismissal.[1] *Hosler*, 710 N.E.2d at 196.

I

*Conversion*

Dominiack claims that Count II of the complaint properly sets forth a claim for conversion of his property. Indiana courts have long defined the tort of conversion[2] as:

"the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion

---

1. The appellees have failed to timely file a brief. When an appellee fails to submit a brief, an appellant may prevail by making a prima facie case of error. *Kostuck v. Brown*, 684 N.E.2d 573, 574 (Ind.Ct.App.1997). The prima facie error rule protects this court and takes from us the burden of controverting arguments advanced for reversal, a duty which remains with the appellee. *Id.* Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Blunt–Keene v. State*, 708 N.E.2d 17, 19 (Ind.Ct.App.1999).

2. We refer to the tort of conversion, not the crime of the same name. Pursuant to Ind.

Code § 35–43–4–3 (Burns Code Ed. Repl. 1998), a person who "knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor." Moreover, one who is a victim of criminal conversion may bring a civil action against the person who caused the loss and recover, among other things, treble damages, costs, and reasonable attorney's fees. *See* Ind.Code § 34–24–3–1 (Burns Code Ed. Repl.1998). Dominiack's complaint against Dalton, Gee, and Kizer, however, makes no mention of these provisions, and alleges only "civil conversion" as a tort.

and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession under a claim and title inconsistent with the owner's." *Hunter v. Cronkhite,* 9 Ind.App. 470, 471, 36 N.E. 924, 925 (1894) (quoting 4 AM. & ENG. ENC. LAW, 108);

*accord Prudential Ins. Co. of America v. Thatcher,* 104 Ind.App. 14, 20, 4 N.E.2d 574, 577 (1936), *trans. denied; Computers Unlimited, Inc. v. Midwest Data Systems, Inc.,* 657 N.E.2d 165, 171 (Ind.Ct.App. 1995).

Dominiack acknowledges that the complaint against Dalton, Gee, and Kizer contains no allegation that these defendants individually "appropriated" Dominiack's property. Appellant's Brief at 6. Nevertheless, Dominiack claims that by alleging that Ms. Dunbar embezzled funds, it has alleged the "appropriation" necessary to state a claim against Dalton, Gee, and Kizer. In support of this position, Dominiack cites *National Fleet Supply, Inc. v. Fairchild,* 450 N.E.2d 1015, 1019 (Ind.Ct. App.1983), *abrogated on other grounds by*

*Mitchell v. Mitchell,* 695 N.E.2d 920 (Ind. 1998), in which the court said, "To constitute the tort of conversion there must be *an appropriation* of the personal property of another." (emphasis supplied). Dominiack claims that Dalton, Gee, and Kizer may be liable in conversion because Ms. Dunbar appropriated funds from Dominiack and used these funds for the benefit of Dalton, Gee, and Kizer. We do not agree.

■ As noted above, the more complete definition of tortious conversion requires an "appropriation of the personal property of another *to the party's own use and benefit.*" *Hunter,* 9 Ind.App. at 471, 36 N.E. at 925. (emphasis supplied). Indeed, the verb "appropriate" has been defined as "take to oneself as one's own property or for one's own use." THE NEW SHORTER OXFORD ENGLISH DICTIONARY 103 (4th ed.1993). Thus, the appropriation alleged must necessarily be an appropriation by the party alleged to have converted the property.[3]

---

**3.** We also note that Count II alleges that Ms. Dunbar embezzled money from Dominiack. Although money may be the subject of an action for conversion, the money must be capable of being identified as a special chattel, and the money must be a determinate sum. *Huff v. Biomet, Inc.,* 654 N.E.2d 830, 835–36 (Ind.Ct.App.1995). Here, Dominiack does not allege any facts which would suggest that the embezzled funds were identifiable as a special chattel. Nor are any facts alleged which would indicate that the embezzled funds were a determinate sum. Thus, to the extent that Dominiack claims that Dalton, Gee, and Kizer converted money, the allegations in Count II fail to state a cause of action. *See id.* at 836.

Case law indicates that if money is the subject of an alleged civil conversion it must have been entrusted to the defendant to apply to a certain purpose. *See e.g., id.* at 835–36; *Stevens v. Butler,* 639 N.E.2d 662 (Ind.Ct.App. 1994), *trans. denied; Kopis v. Savage,* 498 N.E.2d 1266 (Ind.Ct.App.1986). To be sure, a

conversion has taken place when a defendant has misappropriated money to which the plaintiff is entitled. *See Bixel v. Bixel,* 107 Ind. 534, 8 N.E. 614 (1886); *Rauh v. Stevens,* 21 Ind.App. 650, 52 N.E. 997 (1899). A conversion also occurs when plaintiff has entrusted defendant with money to be delivered to a third party and defendant uses that money for his own purposes. *Bunger v. Roddy,* 70 Ind. 26 (1879). These cases, however, do not hold that an action for conversion may not lie with regard to a theft of money. It may be that there is some logical reason to narrowly apply the tort of conversion and to restrict the victims of theft to the remedy provided for the criminal act pursuant to I.C. § 34-24-3-1. But see *Excel Industries, Inc. v. Signal Capital Corp.,* 574 N.E.2d 946 (Ind.Ct.App.1991), *trans. denied,* in which a civil action for the criminal act of conversion was permitted where defendant refused to refund plaintiff's deposit relating to a credit application when the financing arrangement was not finalized. To the same effect is *Midland–Guardian Co. v. United Consumers Club,* 499 N.E.2d 792 (Ind.

Nevertheless, Dominiack notes that, pursuant to the definition set forth in *Hunter*, conversion may also consist of the destruction of the personal property of another or exercising dominion over the personal property of another, in exclusion and defiance of the rights of the owner or lawful possessor. 9 Ind.App. at 471, 36 N.E. at 925. Upon appeal, Dominiack claims that by attending the party hosted by Ms. Dunbar and consuming the food and drink provided by Ms. Dunbar with funds allegedly embezzled from Dominiack, Dalton, Gee, and Kizer either destroyed Dominiack's personal property or exercised dominion over it. Again, we disagree.

Even if we were to assume that the items and services allegedly purchased by Ms. Dunbar were Dominiack's personal property, Count II does not set forth any facts indicating that Dalton, Gee, or Kizer exercised dominion or control over or destroyed Dominiack's personal property, nor does the complaint give rise to any reasonable inferences to that effect. Dalton, Gee, and Kizer are alleged to have merely attended a party. Indeed, Count II specifically states that it was Ms. Dunbar who organized the trip to the basketball game, rented the skybox, had the party catered, and provided transportation. Thus, according to Dominiack's own complaint, it was Ms. Dunbar who exercised dominion over and "destroyed" the items and services purchased. The only allegation against Dalton, Gee, and Kizer is that they attended Ms. Dunbar's party. We refuse to say that a plaintiff may successfully state a claim of conversion by alleging only that the defendant attended a party at the invitation of an alleged embezzler.

Count II does not state any set of facts which, even if true, amount to a conversion by Dalton, Gee, and Kizer. Therefore, the trial did not err in dismissing Dominiack's claim of conversion.

## II

### *Unjust Enrichment*

■ Dominiack also claims that the trial court erred in dismissing Count II because it successfully states a claim of unjust enrichment. "To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind.1991), *cert. denied*, 502 U.S. 1094, 112 S.Ct. 1170, 117 L.Ed.2d 415 (1992). Here, the complaint alleges that Ms. Dunbar used money embezzled from Dominiack to confer a benefit upon Dalton, Gee, and Kizer. Dominiack maintains that it would be unjust if Dalton, Gee, and Kizer are not required to pay for the benefit Ms. Dunbar is alleged to have conferred upon them.

In support, Dominiack cites *Paul v. I.S.I. Services, Inc.*, 726 N.E.2d 318 (Ind. Ct.App.2000). In *Paul*, the complaint alleged that the defendant's husband had embezzled money from the plaintiff. The complaint also alleged that the defendant's husband had invested a substantial portion of the ill-gotten funds in the couple's marital home and a brokerage account jointly owned by the defendant and her husband. Although there was no allegation that the defendant in *Paul* was complicit in her

Ct.App.1986). The *Excel* and *Midland–Guardian* situations would seem to fall within the common law conversion test reflected in *Bixel*, and *Rauh*. Our holding, however, does not depend upon the existence of a mutually exclusive distinction between the common law tort remedy and the remedy under the statute for a criminal conversion or upon whether such a distinction has rational validity.

husband's wrongdoing, the court nevertheless held that the plaintiff had demonstrated a reasonable likelihood of success at trial on its claim that the defendant was unjustly enriched by her husband's embezzlement. 726 N.E.2d at 322.

As in *Paul*, there is no allegation here that Dalton, Gee, and Kizer were complicit in Ms. Dunbar's alleged embezzlement. However, in light of the decision in *Paul*, we cannot say as a matter of law that the defendants' retention of the benefits they allegedly received from Ms. Dunbar is not unjust.[4] Therefore, the allegations in Count II might permit evidence under which Dominiack could recover on a claim of unjust enrichment. This is not to say that Dominiack will necessarily be successful upon the merits, as a motion to dismiss based upon T.R. 12(B)(6) does not test the facts supporting a claim. *Hosler*, 710 N.E.2d at 196. Instead, it tests the legal sufficiency of the claim, and Dominiack's claim of unjust enrichment is not legally insufficient. *See id.* Thus, Dominiack has established prima facie error by the trial court regarding the dismissal of Dominiack's claim of unjust enrichment.[5]

The trial court's judgment is affirmed in part, reversed in part, and the cause is remanded for proceedings not inconsistent with this opinion.

RILEY, J., concurs.

FRIEDLANDER, J., concurring in part and dissenting in part with separate opinion.

FRIEDLANDER, Judge, concurring in part and dissenting in part.

I concur with the dismissal of the claim for conversion. I disagree, however, with the majority's conclusion that the trial court erred in dismissing Dominiack's claim for unjust enrichment.

In order to prevail on a claim for unjust enrichment, a plaintiff must establish that the plaintiff has conferred a measurable benefit upon the defendant under such circumstances that retention of the benefit without payment would be unjust. *Bright v. Kuehl*, 650 N.E.2d 311 (Ind.Ct.App. 1995). This theory is sometimes referred to as restitution, a contract implied in law, quasi-contract, or, somewhat more archaically, an action in assumpsit. *Nehi Beverage Co., Inc. of Indianapolis v. Petri*, 537 N.E.2d 78 (Ind.Ct.App.1989), *trans. denied*. Another concept inherent in the theory of unjust enrichment is that the benefit for which the plaintiff seeks recovery was expressly or impliedly requested by the defendant. *See Garage Doors of Indianapolis, Inc. v. Morton*, 682 N.E.2d 1296 (Ind.Ct.App.1997), *trans. denied; Dedelow v. Rudd Equipment Corp.*, 469 N.E.2d 1206, 1209 (Ind.Ct.App.1984) ("[u]njust enrichment comes within the purview of an action based on quasi contract or quantum meruit. A party seeking to recover upon such a theory must demonstrate that a benefit was rendered to the other party at the express or implied request of such other party"); *Indianapolis Raceway Park, Inc. v. Curtiss*, 179 Ind. App. 557, 386 N.E.2d 724 (1979); *cf. Wright v. Pennamped*, 657 N.E.2d 1223

---

4. This is so despite the fact that Dominiack has not successfully alleged conversion by Dalton, Gee, or Kizer.

5. Judge Friedlander's thoughtful dissent relies to some degree upon the premise that one or more of the defendants were "completely unaware of the illicit source of the party's funding." The posture of the case before us is with regard to a T.R. 12(B)(6) dismissal, not with respect to a finding of fact based upon evidence of record. At this juncture we do not know what the defendants knew and when they knew it.

(Ind.Ct.App.1995), *clarified on denial of reh'g* (in order to recover under the theory of quasi-contract, a plaintiff is required to establish that the defendant impliedly or expressly requested that the benefit be conferred), *trans. denied; but cf. Olsson v. Moore*, 590 N.E.2d 160 (Ind.Ct.App. 1992) (the principles of equity prohibit unjust enrichment in cases where a party accepted the unrequested benefits another provided, and had the opportunity to decline those benefits). In fact, this court has gone so far as to say that "a party who has not expressly or impliedly requested the benefit is under no obligation to pay for the benefit." *Garage Doors of Indianapolis, Inc. v. Morton*, 682 N.E.2d at 1303.

In the instant case, Kizer, Daulton, and Gee accepted invitations to attend the basketball game, but there is nothing of record to suggest—indeed, Dominiack does not even contend—that they impliedly or expressly sought their invitations from Dunbar. Most importantly, this fatal deficiency in Dominiack's case is evident in the pleadings. *See Hosler ex rel. Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 196 (Ind. Ct.App.1999) ("[w]e will affirm a T.R. 12(B)(6) dismissal when a complaint states a set of facts which, even if true, would not support the relief requested in the complaint"), *trans. denied.* For this reason alone, I believe that the trial court's decision in this respect should be upheld. *See Garage Doors of Indianapolis, Inc. v. Morton*, 682 N.E.2d 1296; *Dedelow v. Rudd Equipment Corp.*, 469 N.E.2d 1206; *Indianapolis Raceway Park, Inc. v. Curtiss*, 179 Ind.App. 557, 386 N.E.2d 724; *cf. Wright v. Pennamped*, 657 N.E.2d 1223.

Finally, I take this opportunity to look beyond the pleadings and make the observation that this is not the sort of case where equity demands a court should step in to right a wrong. Unjust enrichment is, after all, largely an equitable principle. *See Olsson v. Moore*, 590 N.E.2d 160; *but see Nehi Beverage Co., Inc. of Indianapolis v. Petri*, 537 N.E.2d at 85 ("unjust enrichment .... is the product of a long tradition in law, and is an action at law"). In this case, Dominiack's employee embezzled money and spent it, presumably in a variety of places and a variety of ways. One such way was to throw an extravagant party for invited guests. Certainly, under these circumstances, equity does not compel our courts to assist Dominiack in recouping a portion of its losses from guests who attended the event while completely unaware of the illicit source of the party's funding. *Cf. Rollings v. Smith*, 716 N.E.2d 502 (Ind.Ct.App.1999) (restitution, a similar equitable remedy, seeks only to return or restore what the defendant has gained in a transaction, thus focusing more on remedying the defendant's unjust enrichment rather than plaintiff's loss).

In summary, I would affirm the trial court and dismiss the claim for unjust enrichment based upon my conclusions that (1) the Appellees did not request the benefits bestowed upon them and therefore Dominiack has not presented a legally adequate claim of unjust enrichment, and (2) Dominiack has not offered a compelling argument for equitable relief with respect to the guests at the party in question. I would affirm the trial court and dismiss the claim for unjust enrichment.