**R.H. MARLIN, INC., Plaintiff,**

v.

**INDIANA DEPARTMENT OF REVENUE, Defendant.**

**No. 49T05–8607–TA–00006.**

Tax Court of Indiana.

July 25, 1986.

Vercil O. Springer, Indianapolis, for plaintiff.

Linley E. Pearson, Atty. Gen., Indianapolis, for defendant.

## ORDER

FISHER, Judge.

Comes now the Parties by Counsel and this cause is submitted to the Court for hearing on Plaintiff's Complaint for Preliminary Injunction as provided by IC 33–3–5–11(b). Witnesses sworn. Evidence heard and admitted, matter taken under advisement.

The Court being duly advised and having considered the evidence makes the following special findings of fact:

1. That the Plaintiff is in the business of using cranes and other off the road vehicles.

2. That said cranes and other off the road vehicles are fueled with diesel fuel.

3. That the financial status of the Plaintiff is good.

4. That the Plaintiff has failed to pay the special fuel tax assessed.

5. That said failure to pay is a matter of principle and not inability to pay.

6. That for the quarters ending December 31, 1984 and March 31, 1985, the Plaintiff reported zero miles traveled by vehicles subject to the Motor Carrier Fuels Tax (Defendant's Exhibits 3 and 4).

7. That during said quarters ending December 31, 1984, and March 31, 1985, diesel fuel was in fact used in vehicles used on the road (Defendant's Exhibit 1).

For the Plaintiff to receive a preliminary injunction as prayed for, it has the burden of proving by a preponderance of the evidence that the injury to it would be certain and irreparable. That it has not done. The Plaintiff at best has shown that it will be a hardship for the tax to be paid or for the injunction not to be issued but this is not sufficient. Since the failure to pay the tax is not because the Plaintiff is unable to do so but "a matter of principle", the tax could be paid. There exists a law an adequate remedy, that of paying the tax and seeking a refund.

An action seeking a preliminary injunction is an action at equity in which the principles of equity apply. One of the principles which applies is "he who comes into equity must come with clean hands". This means that equity refuses to lend its aid in any matter to one seeking its active interposition, who has been guilty of unlawful or inequitable conduct in the matter with relation to which he seeks relief. Special findings 6 and 7 prevent the application of "clean hands" principle.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court

that the Motion for Preliminary Injunction be and the same is overruled and denied.