In the Matter of Kenneth **STEPHENS**, Appellant–Petitioner,

v.

Tracy **STEPHENS**, Appellee–Respondent.

No. 55A01–9409–CV–316.

Court of Appeals of Indiana, First District.

Feb. 13, 1995.

---

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Kenneth Stephens appeals from the trial court's dismissal of his verified petition for custody and support of his minor child after Kenneth's wife and the child's mother, Tracy Stephens, filed a motion to dismiss Kenneth's petition for lack of subject-matter jurisdiction. Kenneth brought his petition in the Morgan Superior Court four days after Tracy had removed the couple's child to Kentucky and had contemporaneously filed a request for an emergency protective order and summons in the McCleary District Court of Kentucky. That order also awarded temporary custody to Tracy. Subsequently, the Morgan Superior Court granted Tracy's motion to dismiss Kenneth's petition and found that under Indiana's Uniform Child Custody Jurisdiction Law (UCCJL), the trial court lacked subject-matter jurisdiction because the State of Kentucky had first acquired jurisdiction.

We affirm.

### ISSUE

The question presented is whether the Morgan Superior Court abused its discretion when the court dismissed Kenneth's petition and determined that it lacked subject-matter jurisdiction pursuant to the UCCJL.

### FACTS

Kenneth and Tracy Stephens were married on September 25, 1993. At that time, Tracy resided in her own home in Parker's Lake, Kentucky, which she had purchased earlier that year, and Kenneth resided with his mother in Indianapolis. Although Kenneth had worked in Indianapolis for the previous four years, he and Tracy met in Kentucky in December of 1992 while Kenneth was on vacation.

After they met, Tracy became pregnant with Kenneth's child in February of 1993. Kasie Stephens was born in Kentucky on November 7, 1993, six weeks after Kenneth and Tracy were married. However, Tracy continued to reside in Parker's Lake, Ken-

Mark Peden, Foley, Foley & Peden, Martinsville, for appellant.

tucky, and Kenneth in Indianapolis for another two weeks.

On November 21, 1993, Tracy and Kasie moved to Kenneth's mother's home in Indianapolis to live with Kenneth. Tracy returned to Kentucky with their child for Thanksgiving, from November 23 to November 26, and then again from December 7 to December 12, to visit Kasie's pediatrician. When Tracy and the child returned to Indiana, they went to the family's new home in Mooresville which Kenneth had purchased while they were away. The entire family spent Christmas and New Year's at their new home. Tracy then took the child to Kentucky for another doctor's appointment on January 11, 1994, and remained in Kentucky until January 14. On each of these occasions, Tracy and the child stayed at her home in Parker's Lake, Kentucky.

After Tracy had moved to Indianapolis in late November, she applied for employment at University Hospital in Indianapolis. She listed her permanent residence as Landersdale Road in Mooresville. Although University Hospital offered her a position in January, she declined the offer. Tracy also had her mail forwarded to her from Kentucky when she moved to Mooresville. However, she continued to pay the water and electric utility charges on her Kentucky home in Parker's Lake.

On January 22, 1994, Tracy left Mooresville with Kasie a final time and returned to her home at Parker's Lake. Tracy left because she and Kenneth had argued during the previous week and he told her to leave. That same day, when she arrived in Kentucky, Tracy filed for a "Domestic Violence Emergency Protective Order and Summons" against Kenneth in the McCreary District Court of Kentucky. Judge Vicky King entered such an order as requested and awarded temporary custody of Kasie to Tracy, pending a hearing. Without knowledge of the Kentucky proceedings, Kenneth filed a verified petition for custody and support in the Morgan Superior Court on January 26, 1994. Kenneth alleged in his petition that

Tracy had removed Kasie from their Indiana residence and returned to live in Kentucky.[1]

A hearing was held regarding the temporary custody order in Kentucky on February 3, 1994, where the McCreary District Court found that it had jurisdiction to proceed under Kentucky Revised Statute 403.725 and that an act of domestic violence had occurred "sufficient to place [Tracy] and the child in an immediate and present danger." The court then awarded continued custody of the couple's child to Tracy and allowed Kenneth restricted periods of supervised visitation.

Meanwhile, Tracy's attorney in Indiana entered an appearance for her in the Morgan Superior Court on February 1, 1994, and filed a motion to dismiss Kenneth's petition for, among other reasons, lack of subject-matter jurisdiction. On May 16, 1994, a hearing was held in the Morgan Superior Court. The trial court granted Tracy's motion to dismiss and stated "the Court lacks subject-matter jurisdiction under I.C. 31–1–11.6–3 (Uniform Child Custody Jurisdiction Act) and that the State of Kentucky has jurisdiction under the facts of this case." Record at 44. Thereafter, the trial court denied Kenneth's motion to correct error. We will state additional facts where necessary.

## DISCUSSION AND DECISION

### Standard of Review

Initially, we note that Tracy chose not to file an appellee's brief. Where the appellee fails to file a brief on appeal it is within our discretion to reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Phegley v. Phegley* (1994), Ind.App., 629 N.E.2d 280, 282, *trans. denied.* This rule is not for the benefit of the appellant. It was established for the protection of the court so that the court might be relieved of the burden of controverting the arguments advanced for a reversal where such a burden rests with the appellee. *Id.* However, we are not compelled to apply this lesser standard and may, in our discretion, decide the case on the

---

1. Tracy also filed her verified petition for dissolution of marriage in the Kentucky court on January 28, 1994, which is stayed pending the decision of this appeal.

merits. *S.M.V. v. Littlepage* (1982), Ind. App., 443 N.E.2d 103, 105, *trans. denied.* We do so here.

### Jurisdiction

Kenneth contends the Morgan Superior Court abused its discretion when it dismissed his verified petition for custody and support of his child, Kasie, who had been removed by her mother from Indiana to Kentucky. Specifically, Kenneth maintains that the court erroneously found it lacked subject-matter jurisdiction pursuant to the UCCJL because the State of Kentucky had proper jurisdiction over the dispute. Kenneth maintains that the Indiana trial court has jurisdiction to hear his petition because Indiana is Kasie's home state under the statute.

The UCCJL was adopted by Indiana in 1977 and is codified at Indiana Code § 31–1–11.6–1 et seq.[2] "The UCCJL's stated purposes include, in part, the avoidance of competition among jurisdictions and conflict with courts of other states in matters of child custody, the promotion of interstate cooperation so that custody decrees will be rendered in the state best able to decide the case in the interest of the child, and the deterrence of abductions and other unilateral removals of children undertaken to obtain custody awards." *Ruppen v. Ruppen* (1993), Ind. App., 614 N.E.2d 577, 580.

The UCCJL does not directly grant authority to hear child custody cases. *Williams v. Williams* (1990), Ind., 555 N.E.2d 142, 145. Rather, the statute merely operates to restrict the existing power of courts to hear custody cases. *Id.* Under the UCCJL, an Indiana court has an affirmative duty to question its jurisdiction when it becomes aware of an interstate dimension in a child custody dispute. *Ruppen,* 614 N.E.2d at 580–81. The trial court must first determine whether it has jurisdiction and then, if it does, whether to exercise that jurisdiction. *Id.* at 581.

The determination of whether a court has jurisdiction in an interstate custody proceeding is controlled by Indiana Code § 31–1–

11.6–3, which provides in pertinent part as follows:

(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) *this state (A) is the home state of the child* at the time of commencement of the proceeding, or (B) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

\* \* \* \* \* \*

(4)(A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2) or (3), or another state as declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.

(Emphasis added). Further, a "home state" is defined by the UCCJL as follows:

the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent, for at least six (6) consecutive months, and *in the case of a child less than six (6) months old the state in which the child lived from birth with any of the persons mentioned.* Periods of temporary absence of any of the named persons are counted as part of the six (6) month or other period.

IND.CODE § 31–1–11.6–2 (emphasis added).

"It is apparent that, in a given dispute, more than one state may qualify for *initial* subject-matter jurisdiction." *See* UNIF. CHILD CUSTODY JURISDICTION ACT § 3, 9 U.L.A. commentary at 145 (1988) (emphasis added); *Daves v. Daves* (1985), 173

---

2. We note that Indiana's UCCJL is based on the Uniform Child Custody Jurisdiction Act, adopted in 1968 by the National Conference of Commissioners on Uniform State Laws.

Cal.App.3d 97, 218 Cal.Rptr. 879, 882–83. Here, Kenneth maintains in effect that Indiana is the only state which has jurisdiction over this dispute. However, after considering the facts adduced at the hearing on Tracy's motion to dismiss, the Morgan Superior Court determined that it lacked subject-matter jurisdiction pursuant to section 3 of the UCCJL because Kentucky had already exercised its jurisdiction. Record at 224–25. From that determination, we conclude the trial court inferred that while Indiana may have had initial subject-matter jurisdiction under the circumstances of the case, it was obliged to defer to Kentucky.

Because Kasie was less than six months old at the time of her removal from Indiana, the statute provides that her "home state" is that state "in which [she] lived from birth...." See IND.CODE § 31–1–11.6–2(5). Further, any periods of temporary absence from Indiana are counted as part of her time in Indiana. Id. Kasie was born in Kentucky on November 7, 1993, and lived there for the first two weeks of her life. Although Tracy and Kasie traveled to Kenneth's mother's home in Indiana on November 21, they immediately returned to Kentucky for the Thanksgiving holiday.

Indeed, Tracy did not list a permanent address in Indiana until, on December 12, 1993, she and Kasie moved into the family's new home in Mooresville upon their return from spending another week in Kentucky. Thereafter, Kasie remained in Indiana continuously for the next month. Tracy then took the child to Kentucky from January 11 to January 14 for a visit to the pediatrician. One week later, on January 22, 1994, Tracy and Kasie left Indiana permanently.

In addition, as found by the Morgan Superior Court, Tracy is a life-long resident of Kentucky. Tracy's immediate family lives in Parker's Lake, Kentucky, and Tracy also owns a home across the street from her parents. Tracy maintained her home at all times while she was in Indiana and, in fact, she and the child stayed at Tracy's home during those occasions when they returned to Kentucky between November of 1993 and January of 1994. Finally, the trial court observed that Tracy and Kenneth's was a "short-lived residency and a short-lived marriage, at best." Record at 225.

We agree with Kenneth that, upon these facts, pursuant to section 3 of the statute, Indiana could be considered as Kasie's "home state." Even so, we cannot say as a matter of law that Kentucky is not also a "home state" and, thus, that Kentucky did not have initial subject-matter jurisdiction. Our inquiry does not, however, end there.

■ The crucial question is whether, assuming that the Morgan Superior Court had initial subject-matter jurisdiction, it should have exercised that jurisdiction. If there is a custody proceeding pending or a decree in another state which presently has jurisdiction, the Morgan Superior Court may not exercise its jurisdiction. See IND.CODE § 31–1–11.6–6; Horlander v. Horlander (1991), Ind.App., 579 N.E.2d 91, 95, trans. denied. "[B]y definition, if the child has a 'home state' other than Indiana, jurisdiction may not be had in Indiana under [section] 3(a)(4) unless the home state has declined its jurisdiction." Id. Such is not the case here.

■ On January 22, 1994, the day Tracy returned with Kasie to Kentucky, the McCreary District Court entered an emergency protective order which restrained Kenneth from contact or communication with Tracy and also awarded Tracy temporary custody of Kasie pending a hearing. Notice of the court's order and hearing date was forwarded to Kenneth on January 25, 1994. On February 23, 1994, after a hearing, the McCreary District Court entered its findings of fact, conclusions of law and judgment further awarding Tracy temporary custody of Kasie until February of 1995. In both of its orders, the court offered as the basis of its jurisdiction Kentucky Revised Statute 403.725. Thus, Kenneth asserts that Kentucky improperly obtained jurisdiction over this dispute because KRS 403.725 is a domestic violence and abuse statute which does not relate to dissolution or custody actions.

Indiana Code § 31–1–11.6–6(a) provides that:

A court of this state shall not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding

concerning the custody of the child was pending in a court of another state exercising jurisdiction *substantially in conformity with this chapter,* unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.

(Emphasis added). Tracy filed for her Kentucky protective order on January 22, 1992, four days before Kenneth filed his verified petition for custody and support in the Morgan Superior Court. The Kentucky court issued its first order that same day, awarding temporary custody to Tracy pending a hearing on the matter.

The Kentucky court used a standardized form for emergency protective orders which provides that an award of temporary custody is done *"[i]n accordance with the criteria of KRS ... 403.420...."* Record at 157 (emphasis added). Kentucky Revised Statute 403.420 is Kentucky's version of Indiana Code § 31–1–11.6–3, the UCCJL, which is set out above and under which we determine initial subject-matter jurisdiction of such disputes in Indiana. On March 24, 1994, as required, Tracy filed certified copies of the Kentucky court's orders with the Morgan Superior Court and requested that the Clerk of the court enter such documents into the Registry of out-of-state custody decrees and proceedings. *See* IND.CODE § 31–1–11.6–15 and –16.

Therefore, contrary to Kenneth's contention, the Morgan Superior Court correctly found that at the time Kenneth filed his custody petition, there was "a proceeding concerning the custody of the child ... pending in a court of another state exercising jurisdiction *substantially in conformity with* " Indiana's version of the uniform act, the UCCJL. *See* IND.CODE § 31–1–11.6–6(a).[3] Accordingly, because Kentucky had initial subject-matter jurisdiction and chose to exercise its jurisdiction in a "simultaneous custody proceeding," the Morgan Superior Court was obligated under the UCCJL to decline to exercise any subject-matter jurisdiction it may have had. *See id.; Clark v. Clark* (1980), Ind.App., 404 N.E.2d 23, 31–32.[4]

The trial court did not abuse its discretion when it granted Tracy's motion to dismiss Kenneth's petition because Kentucky had jurisdiction over the parties' custody dispute. Indeed, it was required to do so. The trial court's order is affirmed.

Affirmed.

ROBERTSON and DARDEN, JJ., concur.

---

3. We note too that the UCCJL governs "custody proceedings" which are "proceedings in which a custody determination is *one of several issues,* such as an action for dissolution of marriage, and includes child neglect and dependency proceedings." IND.CODE § 31–1–11.6–2(3) (emphasis added).

4. The Morgan Superior Court found that Kentucky was also a more convenient forum than Indiana. *See* IND.CODE § 31–1–11.6–7; *Clark,* 404 N.E.2d at 32.