**ED BERTHOLET & ASSOCIATES, INC. Appellant–Defendant,**

**v.**

**Ed STEFANKO, Appellee–Plaintiff.**

No. 46A03–9708–CV–302.

Court of Appeals of Indiana.

Jan. 15, 1998.

Rehearing Denied Feb. 19, 1998.

---

David L. Chidester, Valparaiso, for Appellant–Defendant.

## OPINION

GARRARD, Judge

Ed Bertholet & Associates, Inc. ("Bertholet") appeals the trial court's denial of its petition for a preliminary injunction, claiming that the trial court erred by not enforcing a contractually agreed upon injunction.

We affirm.

## FACTS

On December 2, 1994, Ed Stefanko ("Stefanko") entered into an employment contract with Bertholet to work as a bail bondsman. This contract included a covenant not to compete that provided for an injunction in the event of a breach of the covenant. On April 17, 1997, Stefanko voluntarily quit working for Bertholet and soon began working as a bail bondsman for a local competitor. Bertholet filed suit to enforce the covenant not to compete and sought a restraining order and injunction. Two days later, the trial court denied the petition for a restraining order, citing Bertholet's failure to comply with Indiana Trial Rules 65(B)(1) & (2). After holding a hearing on the preliminary injunction, the trial court denied Bertholet's petition on July 2, 1997. The trial court based its denial on Bertholet's failure to demonstrate irreparable harm. Bertholet appeals this decision.

## ISSUES

Bertholet raises two issues on appeal which we restate as:

I. Whether the contract required the trial court to grant the preliminary injunction.

II. Whether the trial court erred by denying Bertholet's petition.

## DISCUSSION

Initially, we note that Stefanko failed to file an appellee's brief in this matter. When an appellee fails to file a brief, we may reverse the trial court's determination if the appellant makes a prima facie showing of reversible error. *Stephens v. Stephens,* 646 N.E.2d 682, 683 (Ind.Ct.App.1995). "However, we are not compelled to apply this lesser standard and may, in our discretion, decide the case on the merits." *Id.* at 684–85. We decline to apply the lesser standard in this instance and will decide Bertholet's claims on their merits.

Bertholet first claims that the trial court was bound by Bertholet's contract with Stefanko to grant the injunction even if its petition did not satisfy the requirements of Indiana Trial Rule 65. Alternatively, Bertholet argues that if the trial court was not bound by the contract, the trial court erred by determining that Bertholet failed to demonstrate irreparable harm. We first turn to Bertholet's claim that the trial court was bound to issue the injunction by the contract with Stefanko.

The determination to grant or deny a preliminary injunction rests within the trial court's equitable discretion and that determination will be reversed only upon an abuse of that discretion. *Northern Indiana Pub. Service v. Dozier,* 674 N.E.2d 977, 989 (Ind.Ct.App.1996). An injunction is an extraordinary equitable remedy that should be granted with great caution and only used sparingly. *F.W. Means & Co. v. Carstens,* 428 N.E.2d 251, 260 (Ind.Ct.App.1981).

> Discretion to grant or deny an injunction is measured by several factors: (1) whether the plaintiff's remedies at law are inadequate, causing irreparable harm pending resolution of the substantive action; (2) whether the plaintiff has at least a reasonable likelihood of success at trial; (3) whether the plaintiff's threatened injury outweighs the potential harm to the defendant resulting from the granting of the injunction; and (4) whether the public interest will be disserved.

*Fumo v. Medical Group of Michigan City,* 590 N.E.2d 1103, 1108 (Ind.Ct.App.1992), *trans. denied.*

Bertholet argues that it does not have to satisfy the four requirements set forth in *Fumo* because its contract with Stefanko entitled it to injunctive relief. In support of this argument, Bertholet relies on *Hacienda Restaurant v. Hacienda Franchise,* 569 N.E.2d 661 (Ind.Ct.App.1991), *trans. denied.* Much like the present case, in *Hacienda Restaurant* we dealt with a covenant not to compete that provided for an injunction as a remedy for any breach. Bertholet contends that because we upheld the grant of the injunction in *Hacienda Restaurant,* the trial court was required to give effect to the contract provision at issue here. We initially observe that upholding the trial court's exercise of its discretion to grant an injunction does not establish that it would have been error for the court to have refused an injunction. Furthermore, we affirmed the grant of an injunction in *Hacienda Restaurant* because the plaintiff had met all four of the requirements for an injunction, not because of the contract's provision for an injunction. *Id.* at 669. In fact, noting that this question had not been addressed in Indiana, we stated, "[w]e express doubt that a court *must* give effect to such a provision in exercising its equitable jurisdiction." *Id.*(emphasis in original). Despite Bertholet's claim, *Hacienda Restaurant* does not stand for the proposition that a trial court must grant an injunction based upon a contractual agreement for that remedy.

In *Stokes v. Moore,* 262 Ala. 59, 77 So.2d 331 (1955), the Alabama Supreme Court discussed whether a contractual provision of the sort involved here was binding on a trial court. The *Stokes* court stated:

> We do not wish to express the view that an agreement for the issuance of an injunction, if and when a stipulated state of facts arise in the future, is binding on the court to that extent. Such an agreement would serve to oust the inherent jurisdiction of the court to determine whether an injunction is appropriate when applied for and to require its issuance even though to do so would be contrary to the opinion of the court.

*Id.* at 335. In Indiana, parties may not contractually oust the jurisdiction of the

courts. *Supreme Council of Order of Chosen Friends v. Forsinger,* 125 Ind. 52, 25 N.E. 129, 130 (1890). The contract provision for an issuance of an injunction would impermissibly remove the determination of whether to grant or deny an injunction from the discretion of the trial court and oust that court's inherent jurisdiction. *Stokes,* 77 So.2d at 335; *Forsinger,* 25 N.E. at 130. We agree with *Stokes* and hold that contract provisions requiring the issuance of an injunction are *not* binding upon the trial court.

■ Having determined that the trial court was not contractually required to issue the injunction, we now must determine whether the trial court properly denied Bertholet's petition. We initially note that in order to qualify for an injunction, Bertholet must satisfy the four elements discussed in *Fumo, supra.* In this challenge to the trial court's determination, it is Bertholet's burden to demonstrate irreparable harm. *Campbell v. Spade,* 617 N.E.2d 580, 583 (Ind. Ct.App.1993).

Bertholet claims that Stefanko could have used copies of its bond forms and its list of former clients to take clients away from Bertholet. Aside from its bald assertion of irreparable harm, Bertholet does not explain how the harm was irreparable. Bertholet has not shown any irreparable harm. Moreover, Bertholet has failed to show that its remedies at law would be inadequate. *Fumo,* 590 N.E.2d at 1108. The contract with Stefanko contains a liquidated damages provision which requires Stefanko to pay Bertholet 15% of any bonds he writes while in violation of the covenant not to compete. By its own agreement with Stefanko, Bertholet set an adequate monetary remedy in the liquidated damages provision. Because Bertholet has failed to carry its burden of demonstrating irreparable harm and an adequate remedy at law exists, we hold that the trial court did not err by denying Bertholet's petition for a preliminary injunction.

Affirmed.

STATON and DARDEN, JJ., concur.