Rebecca WASHEL d/b/a. Hi–Tek Hair Body & Nails, Appellant–Plaintiff,

v.

Glenda BRYANT, Appellee–Defendant.

No. 53A04–0110–CV–450.

Court of Appeals of Indiana.

June 28, 2002.

Thomas A. Berry, Thomas A. Berry & Associates, Bloomington, IN, Attorney for Appellant.

William J. Beggs, Bunger & Robertson, Bloomington, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Rebecca Washel, d/b/a Hi–Tek Hair Body & Nails ("Washel"), sued her former employee, Glenda Bryant, to enforce the terms of a non-competition provision in their employment agreement. Following a hearing, the trial court denied Washel's request for preliminary and permanent injunctive relief. In this interlocutory appeal,[1] Washel challenges that decision and raises the following restated issue: whether the trial court erred when it determined that Washel's remedy at law was adequate and denied her request for injunctive relief.

We reverse.

### FACTS AND PROCEDURAL HISTORY

Bryant worked as a hair stylist for Washel's beauty salon, Hi–Tek, pursuant to an employment agreement, which provided, in part, that Bryant could not open a competing shop within ten miles for two years from the date she left employment at Hi–Tek. That agreement also contained a liquidated damages clause that subjected the breaching party to $5,000 for every violation of the agreement. Bryant resigned on March 5, 2001, and about a month later she opened a hair salon within approximately three miles of Hi–Tek.

Washel filed a complaint against Bryant, seeking damages along with preliminary and permanent injunctive relief. Following a hearing, the trial court found that the liquidated damages clause provided Washel with an adequate legal remedy and denied Washel's request for injunctive relief. This interlocutory appeal ensued.

### DISCUSSION AND DECISION

An injunction is an extraordinary equitable remedy that should be granted with great caution and used only sparingly. *F.W. Means & Co. v. Carstens*, 428 N.E.2d 251, 260 (Ind.Ct.App.1981). The determination to grant or deny a preliminary injunction rests within the trial court's equitable discretion and that determination will be reversed only upon an abuse of that discretion. *Northern Indiana Pub. Service v. Dozier*, 674 N.E.2d 977, 989 (Ind.Ct. App.1996).

Discretion to grant or deny an injunction is measured by several factors: (1) whether the plaintiff's remedies at law are inadequate, causing irreparable harm pending resolution of the substantive action; (2) whether the plaintiff has at least a reasonable likelihood of success at trial; (3) whether the plaintiff's threatened injury outweighs the potential harm to the defendant resulting from the granting of the injunction; and (4) whether the public interest will be disserved. *Ed Bertholet & Assocs., Inc. v. Stefanko*, 690 N.E.2d 361, 363 (Ind.Ct.App.1998).

In determining whether the trial court abused its discretion, we must also look to the trial court's findings of fact and determine whether the findings support the court's decision. *McGlothen v. Heritage Envtl. Servs., L.L.C.*, 705 N.E.2d 1069, 1074 (Ind.Ct.App.1999). We will not set aside the trial court's findings unless they are clearly erroneous. *Id.* Findings are clearly erroneous when the record

---

1. Because Washel appeals, at least in part, from the trial court's denial of her request for a preliminary injunction, she brings this interlocutory appeal as a matter of right pursuant to Indiana Appellate Rule 14(A)(5).

lacks any facts or reasonable inferences to support them. *Id.* We consider the evidence only in the light most favorable to the judgment and construe findings together liberally in favor of the judgment. *Barlow v. Sipes,* 744 N.E.2d 1, 5 (Ind.Ct. App.2001).

In denying Washel's request for injunctive relief, the trial court entered detailed Findings of Fact and Conclusions of Law. Findings twenty through twenty-two are of particular interest:

20. In paragraph K. of Defendant's Tender of Proposed Findings of Fact, Conclusions of Law and Order, Bryant argues that "Plaintiff's remedies at law in this action are adequate because plaintiff maintains precise records of defendant's production output during the past five (5) years or longer and because the 1996 Contract provides a fixed sum of damages for each violation thereof[;]" this court concurs;

21. Unlike many covenants not to compete, the Employment Agreement in the case at bar also includes an additional provision, a liquidated damages clause; in the case at bar, the parties recognized the difficulty of measuring damages of any breach of confidentiality or competing businesses and mutually agreed that any violation thereof would qualify for liquidated damages, the purpose of which is to address damages which are difficult to estimate or calculate; the parties should benefit from all of their bargained for mutual promises in their Employment Agreement, not just those promises addressing their respective duties of conduct when, in addition, they specifically intended to address the damages of such a breach by including a liquidated damages provision; calculating damages for Bryant's breach of the Employment Agreement is, in fact, difficult to measure; therefore, utilizing the parties' intention to address this difficulty by applying the liquidated damages clause is "plain, complete and efficient to the ends of justice" since the parties anticipated a remedy to address such breaches; while the court understands Washel's desire to terminate Bryant's business within ten miles for two years, *to grant a permanent injunction would deprive both Washel and Bryant of the benefit of their negotiated bargain which was contained in their Employment Agreement;* a permanent injunction is an extraordinary equitable remedy that is not favored by the law; in fact, the court finds the law in Indiana actually favors a remedy at law, over an equitable injunction, when such a liquidated damages clause is warranted and was bargained for in a valid contract between parties;

22. *The court finds that Washel failed to prove that her remedies at law are inadequate given the terms of her contract with Bryant[.]*

Washel contends that the trial court erred when it denied her request for injunctive relief. Specifically, Washel asserts that the liquidated damages provision, absent an accompanying injunction, does not provide her with an adequate remedy at law. We must agree.

■ The parties' agreement contemplates an injunctive remedy when it states, in pertinent part: "Should this [noncompetition] provision be enforced against [Bryant] in any proceeding, the parties to this Agreement agree that no bond shall be posted by [Washel] in order to obtain an injunction order." Appellant's App. at 33. The liquidated damages clause then provides: "The parties agree that because damages for any violation of Provisions 6 and 7 of this Agreement may be difficult to prove, the parties stipulate that any violation of Provision 6 or 7 shall subject the

breaching party to liquidated damages of $5,000 for each violation." *Id.*

The trial court's findings take an either-or approach with respect to legal and equitable relief. That is, the findings suggest that the court must choose between the two remedies as if they were mutually exclusive. The court concluded in its finding twenty-one that "to grant a permanent injunction would deprive both Washel and Bryant of the benefit of their negotiated bargain" for the liquidated damages clause, a legal remedy. We cannot agree. Rather, to disallow injunctive relief would deprive Washel of the benefit of Bryant's covenant not to compete. Nowhere does the agreement state or imply that liquidated damages shall be the exclusive remedy.

In interpreting an unambiguous contract, we give effect to the intentions of the parties as expressed in the four corners of the document. *Art Country Squire, L.L.C. v. Inland Mortgage Corp.,* 745 N.E.2d 885, 889 (Ind.Ct.App.2001). Clear, plain, unambiguous terms are conclusive of that intent. *Id.* We will neither construe clear and unambiguous provisions nor add provisions not agreed upon by the parties. *Id.* The meaning of a contract is to be determined from an examination of *all* of its provisions, not from a consideration of individual words, phrases, or even paragraphs read alone. *Id.* (emphasis added). In this case, the parties' agreement both provided for liquidated damages and, as we have noted, contemplated an injunction. The trial court concluded that the liquidated damages clause provides Washel with an adequate remedy, but money damages and injunctive relief serve

different purposes. The liquidated damage clause was intended to quantify the cost for violations of the agreement after-the-fact, while the injunctive remedy was meant to prevent future violations of the agreement. Thus, we agree with Washel that, "[t]he [liquidated] damage clause was intended to operate in tandem with an injunction not instead of it." Brief of Appellant at 8.

Further, the right to injunctive relief is not contingent upon the text of the agreement. It has long been the law in Indiana that an action seeking an injunction lies in equity and is, therefore, derived from the common law. *Central Union Tel. Co. v. State,* 110 Ind. 203, 12 N.E. 136, 136 (1887); *Sluder v. Mahan,* 124 Ind.App. 661, 121 N.E.2d 137, 140 (1954); *R.H. Marlin, Inc. v. Indiana Dept. of Revenue,* 512 N.E.2d 475 (Ind.Tax 1986); *Daugherty v. Allen,* 729 N.E.2d 228, 235 (Ind.Ct.App. 2000). It is within the province of our courts, using both common law and chancery jurisdiction, to grant injunctive relief. *Central Union Tel. Co.,* 110 Ind. 203, 12 N.E. at 136. The right to injunctive relief arises in an employment context, as in this case, when the remedy at law is inadequate. The liquidated damages clause in the parties' agreement does not obviate Washel's right to injunctive relief.

We conclude that the trial court's finding that liquidated damages, standing alone, provided Washel with an adequate legal remedy was clearly erroneous. Although mere economic injury generally does not warrant the grant of a preliminary injunction,[2] the trial court has a duty to determine whether the legal remedy is as full and adequate as the

---

**2.** Our supreme court recently reiterated that mere economic injury does not warrant injunctive relief. *Indiana Family and Soc. Servs. Admin. v. Walgreen Co.,* 769 N.E.2d 158, 162 (Ind.2002). In that case, Walgreens failed to identify any injury beyond purely economic injury. *Id.* But here there is more than economic injury, namely, the violation of a prior agreement not to engage in specific conduct.

equitable remedy. *Paul v. I.S.I. Servs., Inc.,* 726 N.E.2d 318, 321 (Ind.Ct.App. 2000). A legal remedy is adequate only where it is as plain and complete and adequate—or, in other words, as practical and efficient to the ends of justice and its prompt administration—as the remedy in equity. *Daugherty,* 729 N.E.2d at 235. A legal remedy is not adequate merely because it exists as an alternative to an equitable form of relief. *Paul,* 726 N.E.2d at 321.

■ What constitutes a "violation" under the employment agreement is a threshold question that must be determined before the legal remedy can be deemed adequate. The agreement itself is ambiguous. In her complaint, Washel alleges that each Hi–Tek customer and employee solicited by Bryant constitutes a separate violation. But the trial court's order does not address that question, and neither do the parties on appeal. Instead, the trial court found that the liquidated damages clause was "adequate" merely because it was available as an alternative to injunctive relief. *See Paul,* 726 N.E.2d at 321. The court found that Washel had opened a competing beauty salon and solicited over 200 Hi–Tek customers. Is Bryant's opening of a competing business a single violation, or does a single violation accrue everyday that she operates a competing business in violation of the agreement? Were the violation interpreted as daily, then Washel would be entitled to $5,000 for every day that Bryant operated her competing business. At that rate, by the time a final judgment is entered in this case, Washel's liquidated damages would likely exceed $2 million. If the violation occurs daily or whenever a customer can be shown to have left Hi–Tek for Bryant's shop, then the clause may be an unenforceable penalty. "Where the sum sought to be fixed as liquidated damages is grossly disproportionate to the loss, which may result from the breach, the courts will treat the sum as a penalty rather than as liquidated damages." *Gershin v. Demming,* 685 N.E.2d 1125, 1128 (Ind.Ct.App. 1997). An unenforceable remedy is no remedy at all. In contrast, if Bryant has committed only a single violation by opening a competing business, then Washel's damages for the violation of the non-competition clause would be only $5,000, clearly not an adequate legal remedy.

But regardless of what constitutes a "violation," the liquidated damages clause in this agreement does not preclude injunctive relief because money damages will not remedy the ongoing violation of the covenant—the operation of a competing hair salon within ten miles for two years following separation. While damages might compensate Washel for Bryant's separate violations after-the-fact, it cannot prevent Bryant from repeatedly violating the agreement's non-competition clause by operating her own business. This is exactly the type of breach for which injunctive relief is particularly well suited. Without an injunction, Washel would be forced to amend her complaint repeatedly to include every successive violation (possibly every day that Bryant's shop remains open) after filing her original complaint.

■ Worse yet, the trial court could issue its final judgment before the two-year limitation period in the non-competition clause expires. Obviously, Washel can only collect damages for after-the-fact violations that occur from the first violation until the court's final judgment. The two-year period does not end until April 2, 2003. And if, for example, the trial court were to issue its final judgment in December 2002, without an injunction, Bryant could continue to operate her competing hair salon in violation of the parties' agreement for some three additional months. A

party that suffers economic injury that cannot be remedied by post-trial damages is entitled to injunctive relief. *Daugherty,* 729 N.E.2d at 234. To collect damages resulting from Bryant's continued violation, Washel would have to file a second lawsuit—one virtually identical to this one—in order to seek redress. Washel should not be forced to file more than one suit to remedy a continuous violation. That type of duplicitous litigation is neither a practical nor efficient method by which to serve the ends of justice. *See id.* at 235.

We have previously held in *Daugherty* and *Stefanko,* that damages, absent an injunction, may provide an adequate legal remedy. But these cases are inapposite. In *Daugherty,* we did not address an employment agreement but a suit for defamation by a dentist against Daugherty, his former employee. We correctly reversed the trial court's grant of a preliminary injunction because the dentist's damages were calculable, giving him an adequate remedy at law. *Daugherty,* 729 N.E.2d at 236. There Daugherty had already proffered the alleged defamatory speech, and there was no indication from the dentist (other than unfounded supposition) that Daugherty would continue to defame him. Here, Bryant is operating a business on a daily basis that is in violation of the employment agreement, and she will, without an injunction, continue to do so. Unlike in *Daugherty,* this violation is not a "onetime" violation that may, in retrospect, be quantified with money damages at trial.

In *Stefanko* the trial court denied a preliminary injunction because the plaintiff failed to demonstrate irreparable harm, and, following a thorough discussion, we affirmed on that basis. *Stefanko,* 690 N.E.2d at 364. Then, in dicta, we went on to address the issue of an adequate legal remedy. *Id.* Without explanation, we summarily concluded that the agreement's liquidated damages clause, which provided for a 15% penalty on any bail bonds written in violation of the agreement, was an adequate legal remedy. *Id.* The dicta in *Stefanko* is not precedent on this issue. Further, as noted earlier, a legal remedy is not adequate merely because it exists as an alternative to an equitable form of relief. *Paul,* 726 N.E.2d at 321.

## CONCLUSION

The agreement's liquidated damages clause is not an adequate legal remedy because it is not as practical, full, adequate, and efficient as the equitable remedy. Therefore, the trial court erred when it found that Washel had an adequate remedy at law and denied her request for preliminary and permanent injunctive relief.

Reversed.

BAKER, J., concurs.

MATTINGLY–MAY, J., dissenting with separate opinion.

MATTINGLY–MAY, Judge, dissenting.

I believe the trial court properly denied Hi–Tek's request for injunctive relief and determined that the liquidated damages clause in Bryant's employment contract was valid. Any injury Hi–Tek has suffered or might suffer is purely economic. I would accordingly affirm.

In *Indiana Family and Social Services Administration v. Walgreen Co.,* 769 N.E.2d 158 (Ind.2002), our supreme court recently reversed the grant of an injunction that prevented the State from implementing certain emergency cost-containment measures. The emergency rules would have decreased the Medicaid reimbursement rates to pharmacies for drugs they dispensed and would have paid the pharmacies less for dispensing the drugs.

The supreme court noted the general rule that a party suffering mere economic injury is not entitled to injunctive relief because damages are sufficient to make the party whole. Slip op. at 906. It further noted that "imminent business loss or failure is a form of economic injury." *Id.* n. 4.

There, the pharmacies offered testimony that in addition to the economic losses, some pharmacies might close. There was also testimony that some Medicaid recipients would be harmed. However, in light of other evidence that alternative sources of pharmacy services were available and the State would work to ensure the beneficiaries had sufficient access to services, the supreme court determined Walgreens "failed to identify any injury beyond purely economic injury, which is not enough to justify injunctive relief ... post-trial damages would adequately compensate for any injuries should Walgreens prevail at trial." *Id.* at 9.

The majority attempts to distinguish *Walgreen* from the case before us on the basis that "Walgreens failed to identify any injury beyond purely economic injury ... [b]ut here there is more than economic injury, namely, the violation of a prior agreement not to engage in specific conduct." I would decline to hold that a "violation of a prior agreement," standing alone, represents the type of non-economic "injury" that would provide a basis for injunctive relief. Such an analysis improperly equates the violation with the injury *vel non* that flows from the violation.

The breach of a contract does not by itself establish the damages that must be shown to bring an action for breach of contract. *See, e.g., Rogier v. American Testing and Engineering Corp.,* 734 N.E.2d 606, 614 (Ind.Ct.App.2000), *reh'g denied, transfer denied* (the essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages). Nor does the breach of a duty in tort by itself establish the injury that must be demonstrated to support a tort action. *See, e.g., Mangold ex rel. Mangold v. Indiana Dept. of Natural Resources,* 756 N.E.2d 970, 975 (Ind.2001) (a negligence plaintiff must show duty owed to plaintiff by defendant, breach of duty by allowing conduct to fall below the applicable standard of care, and compensable injury proximately caused by the breach).

By the same token, the fact Bryant violated the agreement between her and Hi–Tek cannot, standing alone, prove Hi–Tek suffered or likely would suffer non-economic injury as a *result* of the violation. A "violation" of an agreement is not, without more, an "injury."

Because Hi–Tek's injuries, whether for past or future violations,[1] appear to be purely economic, I believe the trial court did not abuse its discretion when it essentially found that Hi–Tek's remedies at law were adequate. The trial court therefore properly denied her request for injunctive relief, and I would affirm.

---

1. The liquidated damages provision of the contract allows Hi Tek to recover liquidated damages of $5,000.00 for "each violation," and I share the majority's concern that the scope of a "violation" is left unclear. Still, the damage from each violation is undoubtedly only economic.