ATTORNEY FOR APPELLANT
MIDWEST ENTERTAINMENT
VENTURES, INC.

David E. Mosley
Jeffersonville, Indiana

ATTORNEY FOR APPELLANT AMW
INVESTMENTS, INC.

Mickey K. Weber
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE
TOWN OF CLARKSVILLE

C. Gregory Fifer
Applegate Fifer Pulliam LLC
Jeffersonville, Indiana

Scott D. Bergthold
Law Office of Scott D. Bergthold,
PLLC
Chattanooga, Tennessee

FILED

Oct 21 2020, 9:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Midwest Entertainment Ventures, Inc. (d/b/a Theatre X), *Appellant-Petitioner-Counterclaim Defendant,* and AMW Investments, Inc., *Appellant-Counterclaim Defendant,* v. The Town of Clarksville, Planning Commission for the Town of Clarksville, and Rick Barr, Town of Clarksville Building Commissioner, | October 21, 2020 Court of Appeals Case No. 19A-PL-2962 Interlocutory Appeal from the Clark Circuit Court The Honorable Vicki L. Carmichael, Judge Trial Court Cause No. 10C04-1905-PL-51 |

*Appellees-Respondents-Counterclaimants*

**Crone, Judge.**

# Case Summary

In this interlocutory appeal, Midwest Entertainment Ventures, Inc. (d/b/a Theatre X) (MEV), and AMW Investments, Inc. (AMW), appeal the trial court's order granting the motion for preliminary injunction filed by the Town of Clarksville, Planning Commission for the Town of Clarksville, and Rick Barr, Town of Clarksville Building Commissioner (collectively the Town). MEV and AMW argue that the trial court lacked subject matter jurisdiction to issue the preliminary injunction. AMW further argues that the trial court erred by enjoining it. Finding neither of these arguments persuasive, we affirm.

# Facts and Procedural History

MEV is an Indiana corporation doing business as Theatre X at 4505 Highway 31 East, Clarksville. AMW owns the real estate at 4505 Highway 31 East and leases the property to MEV. MEV and AMW share the same principal business address in Michigan.

[3]     In 2018, Theatre X was operating as an adult entertainment venue pursuant to an adult business license issued to it by the Town. In October of that year, the Building Commissioner issued a notice of violation (NOV) and an order of abatement to AMW, notifying AMW that there were holes in the walls between Theatre X's viewing rooms in violation of the Town's Zoning Ordinance and requiring AMW to permanently close the holes. The NOV was sent to AMW, as the property owner of the premises, at its principal place of business in Michigan and at 4505 Highway 31 East, as well as to AMW's registered agent. AMW did not file a written statement or appeal in response to the NOV as provided by the Zoning Ordinance, including any claim that it was not the proper party in interest as the owner and/or operator of Theatre X.

[4]     In November 2018, the Building Commissioner was granted permission by AMW's "local attorney David E. Mosley and the manager of Theatre X Joshua Jantzen" to inspect Theatre X, but the holes had not been remediated. Appellees' App. Vol. 2 at 232-33. As a result, the Building Commissioner sent AMW notice that its adult business license was suspended until the violations were cured or for a period of thirty days and that the Town was assessing civil penalties against AMW for the violations of the Zoning Ordinance. AMW did not file any written statement or appeal in response, including any claim that it was not the proper party in interest as the owner and/or operator of Theatre X. Theatre X continued operating even though its license was suspended. AMW took the necessary steps to have the holes between the viewing rooms closed up, and another inspection revealed that the required remediation had been

completed. The Building Commissioner then informed AMW that the license suspension was lifted. The Building Commissioner issued an amended order to AMW, notifying AMW that the aggregate civil penalty assessed from Theatre X's zoning violations was $9100. This civil penalty has not been paid.

[5] In January 2019, the Town issued an adult business license to Theatre X for the calendar year 2019. In February 2019, police observed Theatre X patrons engaged in indecent acts on the premises. The Building Commissioner sent AMW notice of intent to revoke Theatre X's adult business license on the grounds that (1) Theatre X's license had been suspended during the previous twelve months, and Theatre X had knowingly operated the business while the license was suspended, and (2) Theatre X had violated the Zoning Ordinance by knowingly allowing acts of sexual intercourse, sodomy, oral copulation, masturbation, or other sex to occur in or on the premises. Counsel for MEV sent an email to the Building Commissioner informing him that the revocation notice should have been served on MEV as the actual holder of the adult business license. The Building Commissioner sent an amended notice of intent to revoke license to MEV at the same addresses at which AMW was initially served.

[6] In April 2019, the Clarksville Town Council held an evidentiary hearing on the revocation of Theatre X's adult business license. MEV appeared by counsel David E. Mosley. The Building Commissioner appeared with counsel, and evidence was admitted. In May 2019, the Town Council issued an order revoking MEV's adult business license, finding that Theatre X had been

operating in violation of the Zoning Ordinance because Theatre X was not configured so that every manager's station had an unobstructed view, by a direct line of sight, to every area of the premises, and Theatre X management was knowingly allowing its patrons to commit indecent acts to occur on the premises. AMW's App. Vol. 2 at 53. The following month, MEV filed in the Clark Circuit Court a petition to appeal the revocation of adult business license, naming the Town, the Planning Commission, and the Building Commissioner as respondents. *Id*. at 37.

[7] In June 2019, the Town Council adopted an ordinance to regulate sexually oriented businesses (SOB Ordinance), codified in Chapter 117 of its municipal code. *Id*. at 119. Similar to the Zoning Ordinance, the SOB Ordinance requires the interior premises of adult theaters to be configured so that every manager's station has an unobstructed view, by a direct line of sight, to every area of the premises (except restrooms) where patrons are permitted. *Id*. at 127. In addition, the SOB Ordinance requires sexually oriented businesses to be closed between midnight and 6:00 a.m. *Id*. at 126.

[8] Also, in June 2019, the Town filed an answer to MEV's petition, as well as counterclaims against MEV and AMW, seeking injunctive relief under the Zoning Ordinance and the SOB Ordinance and against AMW for the unpaid civil penalties of $9100 imposed on it for the 2018 Zoning Ordinance violations. In July 2019, the Town filed a motion for a preliminary injunction, seeking to enjoin MEV and AMW from operating Theatre X in violation of the Zoning Ordinance and the SOB Ordinance. MEV and AMW each filed a motion to

dismiss the Town's counterclaims and motion for preliminary injunction. The trial court held a hearing on the motions to dismiss and the Town's motion for a preliminary injunction, at which the Town presented one witness and offered three exhibits, all of which were admitted.

In November 2019, the trial court issued an order denying MEV's and AMW's motions to dismiss. The trial court also issued an order granting the Town's motion for a preliminary injunction. The trial court entered a preliminary injunction (1) enjoining MEV and AMW from operating Theatre X unless (a) the building is configured in such a manner that every manager's station has an unobstructed view, by a direct line of sight, to every area inside the building to which any patron is permitted (excluding restrooms), (b) each manager's station is in a fixed designated location that does not exceed thirty-two square feet of floor area, and (c) an employee is on duty in a manager's station at all times any patron is on the premises; and (2) enjoining MEV and AMW from operating Theatre X between midnight and 6:00 a.m. on any day. Appealed Order at 10-11. This interlocutory appeal ensued.

## Discussion and Decision

## Section 1 – Our scope of review in this interlocutory appeal is limited to the order granting the preliminary injunction.

As an initial matter, we note that MEV and AMW seem to misunderstand the scope of this interlocutory appeal. In their notices of appeal, MEV and AMW identified the order being appealed as the order granting the preliminary

injunction. However, in their briefs, MEV and AMW ask this Court to vacate both the order denying their motions to dismiss and the order granting the preliminary injunction, and to strike the Town's counterclaims and answer and the testimony and exhibits presented during the hearing on the motions. We observe that "[a]n appeal from an interlocutory order is not allowed unless specifically authorized by the Indiana Constitution, statutes, or the rules of court. The authorization is to be strictly construed, and any attempt to perfect an appeal without such authorization warrants a dismissal." *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*.

[11] The Court of Appeals has "jurisdiction over appeals of interlocutory orders under Appellate Rule 14 except those appeals described in Rule 4(A)(3)."[1] Ind. Appellate Rule 5(B). Here, the order granting the preliminary injunction is appealable as a matter of right under Appellate Rule 14(A), but the order denying MEV's and AMW's motions to dismiss is not an order that is appealable as matter of right. Furthermore, the order denying the motions to dismiss was not certified by the trial court for interlocutory appeal pursuant to Appellate Rule 14(B).[2] Therefore, the order denying the motions to dismiss is not properly before us. "Our scope of review in interlocutory appeals is limited to the interlocutory order on appeal." *See DuSablon v. Jackson Cty. Bank*, 132

---

[1] Appellate Rule 4(A)(3) describes the interlocutory appeals over which our supreme court has jurisdiction.

[2] Appellate Rule 14(C) governs orders granting or denying class action certification and is therefore inapplicable. Appellate Rule 14(D) provides that other interlocutory appeals may be taken as provided by statute, but neither MEV nor AMW cites to a statute that would provide such an interlocutory appeal.

N.E.3d 69, 76 (Ind. Ct. App. 2019), *trans. denied* (2020). Our supreme court has stated that "an interlocutory appeal raises every issue presented by the order that is the subject of the appeal." *Tom-Wat, Inc. v. Fink*, 741 N.E.2d 343, 346 (Ind. 2001). Such interlocutory appeals "are not vehicles through which one may attack the trial court proceedings as a whole and without regard to the order on appeal." *DuSablon*, 132 N.E.3d at 76. Accordingly, we limit our review in this interlocutory appeal to the order granting the preliminary injunction.[3]

[12] Even if the order denying the motions to dismiss was properly before us, we would find MEV's and AMW's challenges to it without merit. MEV's sole argument on appeal is that the trial court lacked subject matter jurisdiction. AMW presents the same argument. We observe that where the facts before the trial court are not in dispute, the question of subject matter jurisdiction is one of law, which we review de novo. *Citizens Action Coal. of Ind. v. Koch*, 51 N.E.3d 236, 240 (Ind. 2016). "Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006). "All circuit courts have … original and concurrent jurisdiction in all civil cases …." Ind. Code § 33-28-1-2. In addition, "[i]t is within the province of our courts, using both common law and chancery jurisdiction, to grant injunctive relief." *Washel v.*

---

[3] Although the Town explains in its appellees' brief that the order denying the motions to dismiss is not the order being appealed, MEV and AMW do not respond to that fact in their reply briefs.

*Bryant*, 770 N.E.2d 902, 906 (Ind. Ct. App. 2002). This is a civil action, circuit courts are vested with power to hear civil cases, and there can be no question that the trial court has subject matter jurisdiction to grant the preliminary injunction.

[13] Ignoring that line of reasoning, MEV and AMW argue that because MEV filed a "petition for review[,]" as opposed to a "complaint[,]" the petition is not a pleading under the Indiana Trial Rules, and therefore the Town did not have standing to file an answer, counterclaims, or a motion for a preliminary injunction, and the trial court did not have jurisdiction to issue the preliminary injunction. MEV's Br. at 11-12.[4] We disagree. A petition for judicial review is analogous to a complaint. *Ind. Dep't of Highways v. Dixon*, 541 N.E.2d 877, 880 (Ind. 1989). "A civil action is commenced by filing with the court a complaint *or such equivalent pleading* or document as may be specified by statute." Ind. Trial Rule 3 (emphasis added). After MEV filed its petition for review, the trial rules permitted the Town to file a responsive pleading. *See* Ind. Trial Rule 7(A) (identifying, inter alia, a complaint and answer as pleadings). Indiana Trial Rule 13(B) provides that "[a] pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claims." Indiana's modern rules of trial procedure "abrogate all restrictions on the right to plead a counterclaim."

---

[4] AMW makes the same argument, but for simplicity's sake, we cite only MEV's brief.

*Nelson v. Butcher*, 170 Ind. App. 101, 112, 352 N.E.2d 106, 114 (1976), *trans. denied*. Therefore, we have no difficulty concluding that the Town had standing to file an answer and counterclaims, and a motion for a preliminary injunction based on the counterclaims.[5] MEV's and AMW's argument that the trial court did not have jurisdiction to issue the preliminary injunction fails.[6]

## Section 2 – The trial court did not abuse its discretion by issuing the preliminary injunction.

[14] MEV and AMW argue that the trial court did not have subject matter jurisdiction to issue the preliminary injunction, but as explained above, we reject this argument. MEV presents no other arguments challenging the order granting the preliminary injunction, and therefore we affirm that order as it applies to MEV.

[15] AMW contends that the trial court erred by enjoining it. The trial court made numerous findings of fact relevant to this contention. The trial court found that

---

[5] We decline to address MEV's and AMW's arguments relying on the Administrative Orders and Procedures Act (AOPA) because they did not present those arguments to the trial court, as shown by the complete absence of any reference to the AOPA in the order denying their motions to dismiss. *See Freeman v. Timberland Home Ctr., Inc.*, 148 N.E.3d 321, 324-25 (Ind. Ct. App. 2020) ("Generally, a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court.") (quoting *Baird v. ASA Collections*, 910 N.E.2d 780, 786 (Ind. Ct. App. 2009), *trans. denied* (2010)).

[6] AMW also argues that its joinder to the action is impermissible. Specifically, AMW argues that it was misjoined because it was not joined when the revocation of MEV's adult business license was heard by the Town Council and because AMW has no interest in the adult business license. These arguments ignore that AMW was named as a party pursuant to the Town's counterclaims, and the counterclaims do not seek to make AMW a party to MEV's appeal of the license revocation. In addition, the Town's counterclaim for the civil penalties imposed on AMW for the 2018 Zoning Ordinance violations concerns only AMW. Accordingly, this argument also fails.

MEV operates Theatre X, MEV and AMW share the same principal business address, AMW owns the land and the building in which Theatre X is operated, and both MEV and AMW are subject to the Zoning Ordinance and the SOB Ordinance. Appealed Order at 3. The trial court also found that the lease agreement between MEV and AMW requires the property to be used only for adult entertainment and quoted the following lease provision:

> *Alterations.* **[MEV] shall not remodel, reconstruct, add to, or demolish any part of the Building (s)** or subtract from any real or personal property included in the Leased Premises or make any alterations to the interior of the Building(s) **without the prior written consent of [AMW]** *(sic)* all such alterations, changes, improvements and additions to the Leased Premises for which [MEV] has obtained [AMW]'s consent shall not (i) impair the structural integrity or soundness of the Building(s) or any improvements on the Leased Premises, or (ii) impair the economic value of the Leased Premises; and such **alterations, changes, improvements and additions by [MEV] shall be made in compliance with all applicable governmental requirements, codes, and applicable zoning ordinances; and any alterations, changes improvements and additions made by [MEV]** *shall immediately become the property of [AMW] and shall become and be part of the Leased Premises***.** (Emphasis added).

*Id*. at 4 (underlining replaced with italics). In addition, the trial court found that the "record shows that AMW has the power to correct, and prevent, violations of the Town's ordinances occurring at AMW's Theatre X property." *Id*. The trial court found that AMW, as the owner of Theatre X, was notified in 2018 that the holes between the viewing rooms in Theatre X were in violation of the Zoning Ordinance, AMW permitted inspection of Theatre X, the Building

Commissioner sent notice to AMW that Theatre X's adult business license was suspended, AMW had the holes closed up, and the Building Commissioner notified AMW's counsel that the suspension was lifted, all of which demonstrated AMW's control over Theatre X. *Id*. at 4-5. Finally, the trial court found that MEV and AMW "knowingly maintained the Theatre X premises in violation of, and have knowingly permitted, allowed, and failed to prevent violations of, the Zoning Ordinance and SOB Ordinance [direct-]line-of-sight requirements, as well as the SOB Ordinance hours of operation regulation." *Id*. at 9.

[16] "We review a trial court's grant or denial of a preliminary injunction for an abuse of discretion." *Great Lakes Anesthesia, P.C. v. O'Bryan*, 99 N.E.3d 260, 268 (Ind. Ct. App. 2018). In granting a preliminary injunction, the trial court is required to issue special findings of fact and conclusions thereon. Ind. Trial Rules 52(A), 65(D). We review the special findings and conclusions for clear error. Ind. Trial Rule 52(A). "Findings of fact are clearly erroneous when the record lacks evidence or reasonable inferences from the evidence to support them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made." *Sperro LLC v. Ford Motor Credit Co.*, 64 N.E.3d 235, 244 (Ind. Ct. App. 2016) (quoting *Orndorff v. Ind. Bureau of Motor Vehicles*, 982 N.E.2d 312, 319 (Ind. Ct. App. 2012), *trans. denied* (2013)). In making this determination, we neither reweigh evidence nor assess witness credibility, and "we consider only the evidence favorable to the judgment and the reasonable inferences arising therefrom." *Great Lakes*

*Anesthesia*, 99 N.E.3d at 268. We owe no deference to a trial court's determination of questions of law and review such questions de novo. *McCauley v. Harris*, 928 N.E.2d 309, 313 (Ind. Ct. App. 2010), *trans. denied* (2011).

[17] "In seeking an injunction for a zoning violation, the moving party must prove the existence of a valid ordinance and a violation of that ordinance." *Plaza Grp. Properties, LLC v. Spencer Cty. Plan Comm'n*, 877 N.E.2d 877, 896 (Ind. Ct. App. 2007)*, trans. denied* (2008). AMW does not challenge the validity of the Zoning Ordinance or the SOB Ordinance but argues that the Town failed to demonstrate that AMW violated any ordinance and that the trial court clearly erred in finding that AMW had the power to correct and prevent the violations. Specifically, AMW contends that the Town provided no evidence that AMW "operates" Theatre X, citing provisions of the SOB Ordinance defining "operates" and "operating[.]" AMW's Br. at 25. This argument relates only to the SOB Ordinance; AMW presents no argument that the Town failed to demonstrate that AMW, as the owner of Theatre X, violated the Zoning Ordinance. Accordingly, even if AMW's argument had merit, it would affect only the portion of the preliminary injunction involving Theatre X's business hours. However, we are unpersuaded by AMW's argument.

[18] Section 117.05(A) of the SOB Ordinance provides, "A person who operates *or causes to be operated* an adult arcade or adult motion theatre shall comply with

the following requirements."[7] AMW's App. Vol. 2 at 126 (emphasis added). Section 117.02 defines "[o]perate" to mean, "to cause to function or to put or keep in a state of doing business." *Id.* at 124. Under the lease agreement, AMW requires MEV to operate the premises as an adult entertainment venue, and AMW retains the ultimate authority to control any changes to the building, including those necessary to comply with applicable ordinances. In addition, the evidence in the record before us supports the trial court's findings regarding AMW's participation in the 2018 Zoning Ordinance violations. AMW's argument on this issue is merely a request to reweigh the evidence, which we must decline. We conclude that the trial court did not abuse its discretion by enjoining AMW.

[19] Based on the foregoing, we affirm the order granting the preliminary injunction.

[20] Affirmed.

Robb, J., and Brown, J., concur.

---

[7] AMW maintains that it is not a person, but person as defined in the SOB Ordinance includes a corporation. AMW's App. Vol. 2 at 124.